In re KAISER.

(District Court, D. Minnesota, Fifth Division. December 11, 1899.)

1. BANKRUPTCY—APPLICATION FOR DISCHARGE—AUTHORITY OF REFEREE.

Where a bankrupt's application for discharge, with specifications in opposition thereto by creditors, is referred to a referee in bankruptcy, the authority of the latter is not limited to the taking and reporting of the evidence adduced on the hearing and ruling as to its admissibility, but he should also report findings and recommendations.

2. SAME—SUFFICIENCY OF SPECIFICATIONS.

A specification in opposition to a bankrupt's application for discharge on the ground of his having concealed property from his trustee is fatally defective if it fails to allege that the offense was committed "knowingly and fraudulently," or to charge any of the essential facts necessary to show the commission of the offense, though these need not be pleaded with the technical certainty required in an indictment.

3. SAME—EVIDENCE.

When a bankrupt's application for discharge is referred to a referee in bankruptcy, a sufficient specification of objections is a necessary prerequisite to the introduction of any evidence by the objecting creditors on the hearing before the referee, and the evidence should be confined to the material facts alleged in the specifications.

4. SAME.

A referee in bankruptcy, to whom a bankrupt's application for discharge has been referred, with specifications in opposition thereto by creditors, has authority to rule upon the sufficiency of the specifications, and should not receive evidence on any specifications which are clearly insufficient.

5. SAME—AMENDMENT OF SPECIFICATIONS.

An application for leave to amend specifications filed in opposition to a bankrupt's application for discharge should be made to the judge of the court of bankruptcy, not to the referee.

In Bankruptcy. On report of referee in bankruptcy on bankrupt's application for discharge and opposition thereto by creditors.

The report of the referee was as follows:

The following objections to the bankrupt's application were specified by creditors: "(1) That he has committed an offense punishable by imprisonment, as provided by the existing bankruptcy law, in this: that he has concealed, and now conceals, while a bankrupt, from his trustee, the following mentioned property belonging to his estate, to wit, certain real estate inherited from his

father, lately deceased, and situated in the county of Tuscarawas, state of Ohio, of the value of $2,700, a more particular description of which the objector is now unable to give. (2) That he has committed an offense punishable by imprisonment, as provided by the existing bankruptcy law, in this: that he has made a false oath to his schedule of assets on file herein, particularly to Schedule B (1), and to his petition in said proceedings, by omitting therefrom any reference to said real estate." The report of the undersigned referee respectfully shows: That said William Kaiser was duly adjudicated a bankrupt upon June 19, 1899; that upon September 23, 1899, he made his application to the court for a discharge from his debts; that upon said date M. S. Stokely, a creditor of said bankrupt, appeared, and gave notice of opposition to said application; that upon October 3, 1899, said creditor duly filed with the clerk of said court a specification of his grounds of opposition to said application; that upon said last-mentioned date, pursuant to the rules of court, the application was referred by the court to the undersigned referee; that the referee, by order duly made and entered herein, fixed the hearing upon said application for October 26, 1899, at 10 o'clock a. m.; that at the time and place fixed for said hearing said bankrupt and said opposing creditor appeared in person and by counsel; that to prove the specifications of objections to the bankrupt's discharge said opposing creditor thereupon called as a witness, and had sworn, the bankrupt, and proceeded to examine him; that thereupon said bankrupt, by his counsel, objected to the receipt of any evidence under said specifications, on the ground that said specifications, or either of them, did not state facts sufficient to constitute any ground for the refusal of a discharge. The referee sustained the objection, and said creditor excepted. Said creditor then moved upon affidavits for leave to amend the specifications, and presented the amended specifications herewith returned. The bankrupt objected on the ground that the referee had no authority to amend specifications. The referee sustained the objection, and the creditor excepted. The referee thereupon adjourned the hearing to November 9, 1899, at 10 o'clock a. m., for the purpose of certifying the proceedings to the judge. Said opposing creditor thereupon duly filed his petition for review. Wherefore I hereby certify that in the course of the proceedings in said cause before me the following questions arose pertinent to said proceedings: (1) Is the authority of the referee limited to the mere taking and reporting of the evidence and making rulings on its admissibility, or is the referee expected to make findings and recommendations? (2) Was the original specification herein sufficient, the words "knowingly and fraudulently" being omitted from the allegations describing the offenses alleged to have been committed by the bankrupt, or must those words be included in such specifications, or must the offense charged be stated with the certainty of an indictment? (3) Was any specification of objections a necessary prerequisite to the introduction of any evidence in opposition to the application for discharge, or should the referee, regardless of specifications, have proceeded to "investigate the merits of the application" by taking the evidence offered, if any, in reference to offenses preventing a discharge? (4) Had the referee authority to rule upon the sufficiency of the specification of objections, or to permit amendments thereof, or are those questions exclusively for the judge? For his opinion thereon, the above questions, together with said application, the original and amended specifications of objections, said affidavits, and the petition for review, are hereby respectfully certified to the Honorable William Lochren, judge of said court. In case the decision of the referee is approved, it is recommended that the opposing creditor be allowed, notwithstanding, to amend his original specifications of objections.

H. F. Greene, Referee.

Dated November 3, 1899.

Dibell & Reynolds, for creditors.
Pealer & Fesler, for bankrupt.

LOCHREN, District Judge. In this matter the referee has asked the direction of the judge in respect to questions of practice which have arisen in this case. To the questions of the referee the following answers are returned:

1. The authority of the referee is not limited to the taking and reporting of the evidence and ruling as to its admissibility. In addition to that, it is competent and desirable that he shall report findings and recommendations.

2. The original specification in this case was insufficient, and without an averment of scienter it failed to allege facts showing that the bankrupt had committed an offense punishable by imprisonment, etc. The scienter must be charged, and also all essential facts necessary to establish the commission of the offense; not necessarily with the technical certainty required in an indictment.

3. A specification of objections is a necessary prerequisite to the introduction of any evidence by the objecting creditors. The referee should not disregard the specifications, and should confine the evidence to the material facts alleged in the specifications.

4. The referee has authority to rule upon the sufficiency of the specifications of objections, and should not take evidence on such as are clearly insufficient. Application to amend specifications should be made to the judge.

5. The application to amend the specification as proposed is hereby granted.