CAMPBELL v. BERRYMAN et al.

In re BERRYMAN.

(District Court, N. D. Georgia, E. D.   January 6, 1919.)

No. 33.

EVIDENCE ☞591—PARTY CALLED BY ADVERSARY—EFFECT OF TESTIMONY.

Where plaintiff is compelled to rely on the testimony of defendants to make out his case, and calls them as witnesses, he is not bound by their general statements of bona fides of a transaction; but finding may be for him, if the other testimony is so inconsistent with such statements as to show they are untrue.

In Equity.   Suit by G. L. Campbell, trustee, against Sim Berryman and another.   Heard on report of special master.   Case re-referred to master.

See, also, 256 Fed. 405.

Erwin, Rucker & Erwin, of Athens, Ga., and Dorough & Adams, of Royston, Ga., for trustee.

Stephen C. Upson, of Athens, Ga., and Alex S. Johnson, of Royston, Ga., for defendants.

NEWMAN, District Judge.   G. L. Campbell, as trustee in bankruptcy for Sim Berryman, bankrupt, filed a petition against Mrs. M. E. Cheek and Sim Berryman on the equity side of this court, seeking to set aside a certain deed and transfer of bond for title from Sim Berryman to Mrs. M. E. Cheek; the original petition charging that said deed and transfer of bond for title were without consideration, and made for the purpose of hindering, delaying, and defrauding the creditors of Sim Berryman, and at a time when Sim Berryman was insolvent, and the said Mrs. M. E. Cheek had knowledge of the facts alleged.

This case was referred to Austin Bell, Esq., as special master, and he heard the case and has made a report.   He says in his report, among other things:

"The plaintiff, having introduced the defendants as his witnesses, though he might show they were mistaken, cannot take the position that they were unworthy of belief; hence, the evidence being insufficient to show the defendants are mistaken in their testimony as to the material points in the case, the plaintiff is bound by their evidence, and the result is necessarily a finding in favor of the defendants."

There has been considerable argument by counsel as to whether the special master was correct in his view of the law in thus refusing to consider any objections to the testimony of these witnesses for the plaintiff.

It seems to have been a case where the plaintiff was compelled to rely upon the testimony of the defendants to make out his case, and in this respect, as well as many other respects, is very much like the case of McLean v. Clark and others (C. C.) 31 Fed. 501. The decision in the case referred to was by Judge Brown, at that time a judge of the District Court, afterwards a member of the Supreme Court of the United States.

A number of cases have been cited on the subject, but this case has impressed me more than any of the others. The second headnote of this case, relating especially to the point in question here, is as follows:

"Where a party is called as a witness by the opposite party, the latter is not bound by his general statement as to his motives or intention in a particular transaction, but may draw any inference from his testimony which the facts stated by the witness seem to justify."

As I gather from the master's report, he was unwilling to consider the criticisms made on the testimony of Berryman and Mrs. Cheek.

A number of grounds were urged why the testimony of these two witnesses, instead of sustaining their case, as held by the master, showed conclusively that the transaction was fraudulent, and made for the purpose of defrauding the creditors of Berryman, with Mrs. Cheek's knowledge. The case of McLean v. Clark, supra, takes a different view of the law from that apparently held by the master in this case. In the opinion in that case it is said:

"It is insisted, however, that as McLean was called as a witness by the defendants, they are bound by his statements that the transaction was bona fide, and that Shaw has no interest in this suit. We do not so understand the law. While it is undoubtedly true, as a general rule, that a party offering a witness in support of his case represents him as worthy of belief, and will not be permitted to impeach his general reputation for truth, or impugn his credibility by general evidence, he has never been considered as bound by his general statements as to motives or intention, or his bona fides in a particular transaction, but may draw any inference from his testimony which the facts stated by the witness seem to justify. Particularly is this true where the party is compelled to prove his case from the mouth of the opposite party, who may be presumed to be hostile to him. In a similar case (Chandler v. Town of Attica [C. C.] 22 Fed. 625), Judge Wallace held, in passing upon a similar issue, that the court was 'at liberty to disregard the testimony of the parties, so far as it is incredible, and to interpret the transaction in a way consistent with the ordinary conduct and motives of business men.'"

Counsel for defendants here rely mainly upon the case of Dravo v. Fabel, 132 U. S. 487, 490, 10 Sup. Ct. 170, 171 (33 L. Ed. 421). In that case, in the opinion by Mr. Justice Harlan, it is said:

"So that, when the plaintiffs used the depositions of Dippold and Fabel, taken 'as under cross-examination,' they made those parties their own witnesses. While the plaintiffs were not concluded by their evidence, and might show they were mistaken, it could not be properly contended by the plaintiffs that they were unworthy of credit. The evidence must be given such weight as, under all the circumstances, it is fairly entitled to receive."

It seems to me that there is no inconsistency between the language used here and that used by Judge Brown in the McLean v. Clark Case, supra. If the testimony of the witnesses itself showed such inconsistency as made it unworthy of belief, there was no necessity for showing

either general bad character or lack of truthfulness. Their testimony, in such a case, if it shows clearly, as claimed here, that it is unworthy of belief, destroys itself. I think it is perfectly evident that if the master agreed with the contention for the plaintiff, and consequently thought the testimony of Berryman and Mrs. Cheek, not only failed to show that the transaction was bona fide, but showed the contrary, and that it was fraudulent and void, he had a right to so hold. As I understand it, he felt he could not hold that the transfers were not bona fide, when they swore they were, although he may have believed the testimony was ample, outside of their own statements as to the bona fides of the transaction, to show that this was not true.

I think the master erred in this, and consequently the report ought to be sent back to him, that he may find whether, under a proper view of the law, these transfers were made in good faith, and were not made for the purpose of hindering, delaying, and defrauding creditors. I think the law is, and the master should find, as stated in McLean v. Clark, supra, that the plaintiff is not entitled to impeach the testimony of Berryman and Mrs. Cheek by proving them to be unworthy of belief generally, but he should hold that their testimony as to the bona fides of the transaction is not entitled to be believed, if their other testimony, and the inferences necessary to be drawn from it, show that their statements as to the good faith of the transaction are not true. In other words, if they swore that these deeds were made in good faith, and their other testimony as to facts which occurred in connection with and as a part of the case showed that their statements of good faith cannot be true, he is not compelled to believe their statements as to their motives and intention in the matter.

Counsel for the defendant say in their brief:

"Witnesses swore that the conveyances were bona fide, and made at the time that they were dated. No other evidence to the contrary; so how could the master have found otherwise than this, aside from the Dravo Case?"

As I have stated, if the other evidence in the case shows it could not have been true that the conveyances were bona fide, the master would have the right to so hold, notwithstanding the fact that Berryman and Mrs. Cheek swore they were made in good faith. The fact that they were put up as witnesses by the plaintiff does not require the master to believe something which is incredible. For instance, if the evidence was clear that the transfers were dated back, as claimed by the plaintiff; instead of being made in 1913, were made some time in 1915, and within four months of the bankruptcy proceeding.

With these statements of the proper rule of law, the report is sent back to the master, with instructions to reconsider the case, hearing any further arguments or any further testimony that may be offered, and decide it in view of the law as herein endeavored to be stated.