## SCALES v. A. L. STONE & SON.

Circuit Court of Appeals, Fifth Circuit.
November 22, 1927.

No. 5149.

1. **Bankruptcy** ⟨⟩414(3)—**Evidence held insufficient to warrant denial of discharge on ground of false statements to obtain credit.**

Evidence *held* insufficient to support objection to discharge on ground of false statement made to obtain credit.

2. **Bankruptcy** ⟨⟩413(7)—**Creditors, objecting to discharge on one ground, cannot urge inconsistent ground.**

Creditors may not make objection to discharge on one ground and then insist on another and inconsistent ground.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

In the matter of A. L. Stone & Son, a partnership composed of Albert L. Stone and Robert Earl Stone, bankrupts. The trustee in bankruptcy, Rollie H. Scales, appeals from an order granting a discharge. Affirmed.

Riley Strickland, of Amarillo, Tex. (Underwood, Strickland & Thomerson, of Amarillo, Tex:, on the brief), for appellant.

Robert E. Stalcup, of Dalhart, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order of the District Judge granting to appellees a discharge in bankruptcy. Objection to the discharge was made by certain creditors on the sole ground that the bankrupts had made false statements in writing to a mercantile agency for the purpose of securing goods on credit, and thereby had obtained credit from the Johnston & Larimer Dry Goods Company, one of the creditors.

[1] The bankrupts were father and son, and, prior to their bankruptcy, had been engaged as partners in the mercantile business since 1908. The statements in writing, which it is claimed were false, consisted of reports made by R. G. Dun & Co., according to which they stated that they owned, either individually or as partners, certain improved real estate. The Johnston & Larimer Dry Goods Company, the only creditor that made a claim of having extended credit on the faith of these statements, for a period of about 10 years had been extending unlimited credit to the bankrupts. For several years before the reports of R. G. Dun & Co. were made a representative of the dry goods company called upon the bankrupts every 30 or 60 days, and its auditor made examinations into their financial affairs twice a year. Both the representative and the auditor had requested a mortgage upon the real property in question as security for their principal's account; but the bankrupts had refused to give it, stating as their reason that that property was owned, not by them, but by their wives. Each of the bankrupts denied that he had made any false statement to the agent of R. G. Dun & Co., or that he had any intent to mislead or deceive any creditor. On the other hand, the credit manager of the dry goods company testified that he relied upon the mercantile reports, and that but for them he would not have extended further credit. Upon this evidence the referee in bankruptcy made a report recommending that the objection to the discharge be overruled, and this report was confirmed by the District Judge.

The agent of R. G. Dun & Co. did not testify, and there is therefore no competent evidence that the bankrupts made the statements attributed to them. Furthermore, it is not sufficient to show merely that the statements were in fact untrue; but the proof must go further, and establish that they were made with the intent that credit would thereby be obtained. Assuming that the statement was made, it could not operate to deceive the Johnston & Larimer Dry Goods Company, since it had knowledge through its agents that the bankrupts did not claim to own the property in question. Bankruptcy Act, § 14b(3), being 11 USCA § 32; Gilpin v. Merchants' National Bank (C. C. A.) 165 F. 607, 20 L. R. A. (N. S.) 1023. The report of the referee who heard the testimony was confirmed by the District Judge. The conclusion that there was no intent to obtain credit by the making of false statements was so reasonable as to justify us in accepting it as correct.

[2] However, appellant argues that the real property in question was community property, in which the bankrupts had an interest.

That was not the issue raised by the objection. The discharge of the bankrupts was opposed on the ground, not that they had concealed property that belonged to them, but that they claimed property they did not own. The bankrupts were entitled to have the ground of the objection to their discharge specifically set forth, and the creditors should not be permitted to make an objection upon one ground, and then insist upon another, and inconsistent ground. In re Kaiser (D. C.) 99 F. 689; In re Pierce (D. C.) 103 F. 64. However, we agree with the District Judge that the proof failed to show that the improved real estate in question was community property.

The order appealed from is affirmed.