**In re GLICK.**

**GLICK v. FIRST NAT. BANK OF COLUMBUS, IND.**

**No. 4538.**

Circuit Court of Appeals, Seventh Circuit.

Dec. 1, 1931.

Geo. W. Long and A. T. Conner, both of Columbus, Ind., for appellant.

Julian Sharpnack and Frank N. Richman, both of Columbus, Ind., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge.

The District Court approved and confirmed an order of the special master sustaining specifications of objection to appellant's discharge in bankruptcy and recommending that appellant's petition for discharge be denied. Appellant was adjudged a voluntary bankrupt August 17, 1929. The First National Bank of Columbus, Ind., was the only creditor. Appellant signed and delivered to the bank, at different times, three financial statements for the purpose of obtaining credit from the bank. By its specifications of objection to the discharge, the bank alleges that each statement was materially false and that, relying upon the statements, loans were made and credits were extended to appellant. The District Court found that while the first two statements were incorrect and incomplete, yet the statements of liabilities contained therein were made by appellant in good faith. The District Court also found that the third statement, dated December 4, 1925, was materially false, and was made to the bank for the purpose of obtaining extensions of credit

and loans of money and for the purpose of inducing the bank to accept appellant as indorser upon some notes.

The statement of December 4, 1925, omitted appellant's liabilities to his sister and to his brother. At that time, and for more than five years prior thereto, appellant was indebted to his sister on two obligations, one a note in the principal sum of $1,000, dated March 1, 1920, and the other as indorser on a note in the principal sum of $2,438, dated February 24, 1920. At that time, also, he was indebted to his brother on a note in the principal sum of $300.

The statement also represented that appellant's total liabilities amounted to $11,486.16, and that his liability as indorser amounted to $3,650. On December 4, 1925, appellant was directly indebted to the bank in the aggregate sum of $14,263.33 and was liable to the bank as indorser in the sum of $3,650. The amount shown in the statement with reference to his indebtedness to the bank is incorrect, but, of course, the bank could not be deceived as to appellant's indebtedness to it. After December 4, 1925, the bank extended credit and loaned additional sums to appellant and accepted appellant as indorser on additional notes of his son-in-law. The total aggregate liabilities of appellant to the bank were materially increased after December 4, 1925. The District Court found that the bank, relying on the statement of December 4, 1925, made additional loans and extended additional credit to appellant. Both the direct testimony and the facts and circumstances in evidence fully justify the finding of the District Court that credit was extended in reliance upon the statement.

■ But it is contended that the statement was not materially false. The statement was made on a blank form furnished by the bank. One item in the statement reads, "Total Liabilities $11,486.16." Another item reads, "Liability as indorser, etc. $3,650." This is a direct and unequivocal statement that his liabilities of every character amounted to the sums stated. In truth and in fact his other liabilities, to his own knowledge, both as principal and indorser, aggregated approximately $4,000. In other words, appellant in his statement falsely represented that his total indebtedness was that owing to the bank and that he had no other indebtedness whatsoever. By making the direct affirmative statement of his "total indebtedness" and "liability as indorser," he represented that he had no other indebtedness either as principal or as indorser. These statements, as above shown, were materially false to the amount of approximately $4,000. In re Smith (D. C.) 232 F. 248.

■ It is next contended that, while the statement does not refer to or include appellant's indebtedness to his sister and to his brother, it, as well as the two preceding statements, was prepared by the assistant cashier of the bank, who, at the time the statement was prepared, was advised by appellant of the omitted liabilities and did not insert them in the blank. Appellant further claims that he relied upon the assistant cashier to insert in the blank such statements of facts as the assistant cashier deemed material, and that he signed the statement without reading it. This conclusion of fact depends entirely upon the testimony of appellant himself. Appellant testified that the statement was prepared at the bank in the presence of the assistant cashier. Indebtedness to the bank was ascertained from the bank records. He testified further that he told the assistant cashier about his debt to his brother and that he owed his sister $1,000 on a note and was liable as indorser on a note held by his sister in the sum of $2,438. He then states that the assistant cashier did not write this down and that he did not seem to be much interested in it. The assistant cashier, however, testified that appellant did not, at the time, tell him anything about the notes held by his sister or the indebtedness to his brother. He further testified that he did not know there were such notes or such indebtedness until in March or April, 1927, when the sister and brother instituted suits against appellant in the circuit court. Here was a direct conflict in the testimony of the only two persons present at the time the statement was executed. As to which version is correct depends upon the credibility of witnesses. The special master's report involved a finding on the credibility of witnesses appearing before him. The special master states: "Considering the circumstances and the interests of the witnesses in question, the Master accepts the testimony of the officer of the bank as being correct." We cannot see that the District Court erred in accepting the master's estimate of the opposing witnesses. Heldman v. Central Trust Co. of Illinois (C. C. A.) 268 F. 818.

■ There is no merit in the further contention of appellant that the court erred in permitting the assistant cashier and other wit-

nesses to contradict the testimony given by appellant before the special master. Appellant was called as a witness for the objectors and gave his version of the transaction. Later the assistant cashier and other witnesses were called by the objectors, and the assistant cashier flatly contradicted much of the testimony given by appellant.

"A party who calls the opposite party as a witness is not bound by his testimony but may contradict him by introducing other evidence to prove a state of facts contrary to that to which the witness testified." 28 R. C. L. p. 643, § 227; McLean v. Clark (C. C.) 31 F. 501; Greenhall v. Carnegie Trust Co. (D. C.) 180 F. 812; In re Calvi (D. C.) 185 F. 642; Campbell v. Berryman (D. C.) 256 F. 402.

The District Court reached the correct conclusion, and its judgment is therefore affirmed.