## DIXWELL v. SCOTT & CO., LIMITED.
### No. 3606.

Circuit Court of Appeals, First Circuit.

Dec. 3, 1940.

James J. Weinstein, of Boston, Mass., for appellant.

Albert G. Tierney, of Boston, Mass., for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and FORD, District Judge.

MAHONEY, Circuit Judge.

This is an appeal from an order of the District Court denying the appellant a discharge in bankruptcy. The petition in bankruptcy was filed May 13, 1938 and on the same date adjudication was made and the matter was referred to the referee in bankruptcy. A petition for discharge was filed October 4, 1938, and appellee filed objections and specifications to the discharge on November 16, 1938. The trial court on September 29, 1939, referred appellee's objections and specifications to the referee to ascertain and report facts. In his report filed February 7, 1940, the referee made certain findings of fact and recommended that the appellant's application for discharge be denied. On March 29, 1940, appellant filed with the referee a motion to amend the report and this was denied by the referee.

At the hearing in the District Court on the report of the referee, the appellant moved for a rehearing on the specifications of objections of creditors to the discharge. This motion was denied by the district judge. At the same time the bankrupt offered herself for further examination, but this offer was refused by the judge, who then ordered that the discharge of the bankrupt be refused. The bankrupt has appealed from that order.

It is the duty of the district judge to pass upon the bankrupt's petition for discharge. The report of the referee as to the facts on the creditors' objections and specifications to the discharge is advisory only. In re Neiderheiser, 8 Cir., 1930, 45 F.2d 489; International Harvester Co. of America v. Carlson, 8 Cir., 1914, 217 F. 736; In re Hughes, 2 Cir., 1919, 262 F. 500. The judge accepted it as such and exercised his independent judgment on the petition when he ordered that the discharge be refused. The correctness of this order is before us.

A discharge in bankruptcy is a privilege which a bankrupt is not entitled to unless he deserves it. Shanberg v. Saltzman, 1 Cir., 1934, 69 F.2d 262, 263. If any one of the objections to the discharge should have been sustained, then the discharge was properly denied. Erickson v. Bicknell, 8 Cir., 1928, 28 F.2d 729; In re Neiderheiser, supra.

The first ground of opposition to the discharge recited that the bankrupt failed to keep books of account or records by which her financial condition might be ascertained.

Section 14, sub. c, of the Bankruptcy Act, 30 Stat. 550 (1898), as amended 52 Stat. 850 (1938), 11 U.S.C.A. § 32, sub. c, provides that the court shall grant the discharge unless satisfied that the bankrupt has "* * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case".

The referee found that the bankrupt had never been a woman of sufficient financial knowledge to make it possible for her to keep books and recommended that the first objection be dismissed. This finding was sustained by the district judge. We think that this action on his part was correct.

The second ground of opposition contained the following objection and specification: "That the bankrupt subsequent to the first day of the twelve months immediately preceding the filing of the petition transferred property with intent to hinder, delay, and defraud her creditors, to wit, on October 27, 1937, seven months before she filed a voluntary petition in bankruptcy on May 13, 1938, she transferred without consideration to her son, Basil Dixwell, all her real estate."

Section 14, sub. c, of the Bankruptcy Act, supra, makes such a transfer a ground for denying a discharge. The same section of the Act recites: "That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

It is admitted that the bankrupt made a voluntary transfer of all her real estate to her son Basil without consideration on October 27, 1937, seven months before her voluntary petition in bankruptcy. While it does not appear in the record, it was stated in the argument before this court, that the bankrupt was called as a witness before the referee by the attorney for the objecting creditors. She testified that when she made the transfer in question she was merely carrying out the wishes of the late Mr. Dixwell, who had requested her some time previously to transfer the property to their son in his own name when he became twenty-one. The referee in his report stated that there was no evidence in the case of an express or implied trust, and he found as a fact that while insolvent the bankrupt transferred property with the intent to hinder, delay and defraud creditors. He also found that she was "evasive, forgetful, recalcitrant and hesitant" throughout her testimony.

The record contains no further testimony, or summary of testimony on this point. The objecting creditor made out a prima facie case before the referee that the bankrupt "transferred property with the intent to hinder, delay and defraud creditors." The burden of proof was upon the bankrupt to furnish a satisfactory explanation for the transfer. Shanberg v. Saltzman, supra; In re Wilson, D.C.S.D.N.Y.1937, 19 F.Supp. 807; In re Beckman, D.C.W.D.N.Y.1934, 6 F.Supp. 957. Her statement that she transferred the property to her son without consideration to carry out the wishes of Mr. Dixwell is not corroborated. The referee, before whom the bankrupt appeared, did not believe her testimony and found that there was no evidence of a trust, express or implied. In these circumstances, we do not believe that her explanation is satisfactory. She has not sustained the burden of proof required of her since the referee and District Court need not accept the uncorroborated testimony of the bankrupt which is entitled to little weight. In re Cooper, 2 Cir., 1916, 230 F. 991; In re Perlmutter, D.C.N.J.1919, 256 F. 862, 870, affirmed 3 Cir., 1920, 264 F. 957; In re Wilson, supra; In re Arenson, D. C.N.J.1912, 195 F. 609, 613; cf. Campbell v. Berryman, D.C.N.C.Ga.1919, 256 F. 402.

Upon the merits and upon such a record the objection to the discharge was sustained and we have no doubt of the correctness of the district judge's ruling denying the discharge to the bankrupt.

The third ground of opposition to the discharge alleged that the bankrupt committed perjury by making a false oath in an affidavit attached to a petition addressed to the referee. It is not necessary to consider this objection.

The order of the District Court refusing the discharge of the bankrupt is affirmed, with costs to the appellee.