**JONES v. GERTZ et al.**

No. 2266.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1941.

Lee Olwell, of Seattle, Wash. (W. David McClain and Edwin A. Williams, both of Denver, Colo., and Eli E. Dorsey, of Seattle, Wash., on the brief), for appellants.

Erl H. Ellis, of Denver, Colo. (Max D. Melville and Fred M. Winner, both of Denver, Colo., on the brief), for appellee Mitchell.

Before HUXMAN and MURRAH, Circuit Judges, and KENNAMER, District Judge.

HUXMAN, Circuit Judge.

Lester Lee Jones[1] filed his petition in bankruptcy in the District Court of the United States for the District of Colorado. The only assets listed by him were household goods of the value of $50, and architect tools of the value of $50. Both items were claimed as exempt property. He listed liabilities totaling more than $6,000. When he filed his application for discharge, the principal creditor Ben F. Mitchell,[2] objected to his discharge on the ground that he had falsely and fraudulently concealed assets and refused to list them, for the purpose of hindering and delaying his creditors. The referee denied the discharge. Upon petition for review, the District Judge affirmed the decision of the referee. The bankrupt has appealed.

There is no dispute in the evidence, and the question is rather one of the legal implications to be drawn from the facts. Neither is there any disagreement on the applicable legal principles. The bankrupt is entitled to have the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., liberally construed in his favor and is entitled to a discharge unless it clearly appears that he has committed some act which precludes this right. The burden of proof is on the objecting creditor to establish a corrupt motive or intent. When a prima facie case has been made by one objecting to a discharge, then the burden of proceeding shifts to the bankrupt to clear himself of the charge established by such prima facie showing. These principles are generally accepted, and need no citations of authorities to sustain them.

The bankrupt and appellee had an agreement whereby appellee was to procure contracts for architectural services on Public Works Administration construction projects. The work was to be done by bankrupt and the fees were to be divided one-third to bankrupt and two-thirds to appellee. They succeeded in securing a number of such contracts on which the bankrupt was engaged. He became unable to complete them because he did not have sufficient funds to pay his actual and necessary expenses incurred in traveling from place to place to supervise the work on the contracts. As a result, he relinquished all of the contracts, and the authorities employed other architects who supervised and completed the balance of the work, for which they received their compensation.

The referee found that the bankrupt concealed two assets, the sum of $461.27 due him from Adams County, and the further sum of $95, due from the city of Walden, both sums arising from jobs procured pursuant to the contract between bankrupt and appellee.

The bankrupt filed his petition on August 22, 1939, and was adjudged a bankrupt on August 28, 1939. He did not list any choses in action among his assets. He filed several amendments to his schedule of liabilities. We need to note only the one of September, 1939, wherein he listed an obligation to the National City Bank of Denver, of $350, secured by an assignment of moneys due from the Adams County contract. The assignment was dated August 23, 1938.

The only evidence offered by appellee to support the charge that the bankrupt concealed assets with intent to defraud the creditors was in relation to these two sums found due on the Adams County and the Walden City contracts, and the fact that the bankrupt failed to list them. Standing alone and unexplained, this is sufficient to raise a presumption of fraud on the part of bankrupt and shift the burden to him to clear himself thereof.

In explanation of why he did not list these choses in action, the bankrupt established that he had given an assignment of funds due from the Adams County contract to the bank, in the sum of $350; that he had also given a further assignment on this fund in the sum of $200 to a finance credit corporation. While there is some question of the status of the debt of $200 for which the assignment was given to the finance corporation, there is no doubt that the assignment was given and outstanding at the time he filed his schedules. The corporation claimed that the debt had not been paid and that the assignment was valid and outstanding. From this it would appear that he actually had nothing coming from the Adams County contract when he filed his schedule of assets. Appellee asserts that when the bankrupt listed the debt to

---

[1] Herein called the bankrupt.

[2] Herein called appellee.

the bank and the assignment of this fund, he thereby acknowledged his ownership of the fund and therefore it was his duty to set it out, and that his failure to list it was fraudulent and bars his discharge. It may be that he was the legal owner of the fund and should have set it out in the schedules. We are, however, not here concerned with the legal niceties and distinctions between legal title and beneficial or substantial interest in the fund. What we seek to determine is whether the bankrupt failed to call attention to this fund because he wanted to defraud his creditors or whether he did so in the honest belief that there was nothing coming to him above the assignments.

He gave a plausible explanation, which, if believed, is entirely consistent with innocence. Not only that, but his attorney, who advised and represented him in these matters, testified that when bankruptcy was filed, Mr. Bowman, to whom the bank had assigned its security, claimed that he had not been paid, also that the finance company claimed it had not been paid. He testified that he considered the assignments conclusive and that the bankrupt had no interest in the fund and therefore it was not listed.

■■ It thus appears that in failing to list this chose in action, he acted upon advice of counsel, who had a full and complete understanding of the transaction. The rule is well established that the advice of counsel is a complete defense to a charge of fraud where a full and fair disclosure of the facts is made. Klein v. Powell, 3 Cir., 174 F. 640; Dilworth v. Boothe, 5 Cir., 69 F.2d 621.

This brings us, then, to the item of $95 due on the Walden City contract. Bitterness had developed between bankrupt and appellee over their relations. Appellee had sued bankrupt and had obtained two judgments, totaling more than $5,000. He then proceeded to levy garnishments on all the contracts that the bankrupt had. Apparently the parties garnisheed answered that they were not indebted to the bankrupt and appellee traversed the answers of the garnishees. Concerning the Walden contract, the bankrupt testified that there was no money due him on this contract; that he had made no demand on the city for any sum; that he and the Board understood that there was no money due; and that the Board paid the $95 into court under the garnishment rather than contest the matter.

■ When appellee garnisheed the Adams County and Walden City authorities, the bankrupt asked for a restraining order to prevent appellee from collecting any sums found due on these contracts, and asked that the funds, if any, be administered for the benefit of all creditors. Appellee points to this as evidence of guilt. The inference is that when bankrupt perceived that the assets had been discovered and could no longer be concealed, he then wanted them administered for all the creditors. The bankrupt's explanation is that while he thought he had no interest in these contracts, if he was mistaken in this, the funds belonged to all the creditors; that since there was no trustee to represent the creditors, he felt it was his duty to call this to the court's attention. We think this is a plausible explanation and, in the absence of any showing to the contrary, is not to be cast aside without consideration.

The picture as it then finally appears is that appellee charged the bankrupt with fraudulently and corruptly concealing assets. The only evidence he presented in support of the charge was that after the filing of the bankruptcy proceedings it was determined that there was due on the Adams County contract $461, against which sum two assignments were outstanding, amounting in the aggregate to more than this sum, and that as a result of the garnishment proceedings instituted against the Walden City authorities by the appellee, there was ultimately paid into the court $95. That is all. Against this we have the explanation by the bankrupt which is not at all unreasonable, supported in the main by the testimony of his attorney, as well as by other corroborating facts and circumstances.

■ As was said in Dilworth v. Boothe, supra, the reason for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural. The charge that the bankrupt failed to list these two choses in action, of but small ultimate value and of only questionable value at the time the schedules were listed, is technical in the extreme. It is our conclusion that in the absence of any testimony negativing the effect of the explanation given by the bankrupt as to these two transactions, supported by the testimony of his attorney and adviser in the bankruptcy proceedings, as well as by other corroborating facts, the evidence fails to show that corrupt motive

or intentional concealment of assets which is required to deny him a discharge.

The judgment is reversed and the cause is remanded, with instructions to grant a discharge to the bankrupt.