### DIXON v. LOWE.

No. 3893.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1949.

William H. Stowell, Philipsburg, Kan., for appellant.

No appearance for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Having been adjudged a bankrupt, Alva A. Lowe seasonably applied for a discharge. J. M. Dixon, holder of an unsecured claim in the sum of $120, filed objections. As summarized in the record before us, the objections were noninsolvency at the time of the filing of the petition; making of false oaths appended to the petition and schedules; failure to explain loss or deficiency of assets to meet liabilities; and failure to carry out an order of the court. From an order of the referee granting the discharge, the objecting creditor sought review. Finding that the petition for review

was without substantial merit, the district court denied it. Rehearing was sought and denied. And by a single notice filed in the proceeding, the objecting creditor appealed both from the order denying the petition for review and the order denying a rehearing.

The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is to be liberally construed in favor of a bankrupt. A bankrupt is entitled to a discharge unless it clearly appears that he has committed some act which precludes his right thereto. And the burden of proof rests upon the objecting creditor to establish a corrupt motive or intent. But when a prima facia case has been made by one objecting to the granting of a discharge, the burden shifts to the bankrupt to clear himself of the charge established by such prima facie showing. Jones v. Gertz, 10 Cir., 121 F.2d 782.

Here, the grounds of objection to the granting of the discharge were factual in nature, and the burden rested upon the objecting creditor to establish them. The petition and the schedules fail to support any of the objections. A transcript of all or part of the testimony of the bankrupt given at the first meeting of the creditors is in the record, but it does not tend to support any of the grounds of objection later interposed to the granting of the discharge. It was recited in the memorandum opinion of the court denying the petition for review that the objecting creditor was given full opportunity to examine the bankrupt upon the hearing before the referee, a transcript of which appeared in the record and had been examined by the court, and that the court was unable to find either in the transcript or in the record at large any evidence tending to show that the bankrupt made false statements in regard to the value of his homestead or in explaining his affairs to his creditors. It is not entirely clear whether the statement in the memorandum referred to a transcript of the hearing before the referee on the objections to the granting of a discharge or to the evidence introduced at the first meeting of creditors. In any event, no transcript of the hearing on the objections to the discharge is in the record before us. A painstaking examination of the record fails to show anything of substance tending to support the objections to the granting of the discharge.

Affirmed.