Bentley M. McMULLIN, Appellant,

v.

Frederick H. TODD, Appellee.

No. 5115.

United States Court of Appeals
Tenth Circuit.

Nov. 19, 1955.

Submitted on brief by appellant.
No appearance for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

On January 7, 1952 Frederick H. Todd filed a voluntary petition in bankruptcy in the United States District Court for the District of Colorado, and having been duly adjudged a bankrupt, applied for discharge. The appellant, Bentley M. McMullin, had an unsecured claim in the sum of $250 and filed objections to the discharge.

One of the objections was that the bankrupt within twelve months immediately preceding the filing of the petition in bankruptcy had transferred property to Eldridge E. Eddy and George A. Graham with intent to hinder, delay and defraud his creditors. The Referee overruled the objection and ordered a discharge. On petition to review, the District Court affirmed the action of the Referee. The only question presented on this appeal is whether under the evidence the bankruptcy court should have found that there were reasonable grounds for believing that the transfer was made with intent to hinder, delay and defraud creditors.

The Bankruptcy Act provides: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors; * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." 11 U.S.C.A. § 32, sub. c.

■ The evidence of the objecting creditor showed that prior to the bankruptcy proceedings the bankrupt owned a business which was operated under the name of Denver Brick Stain Company. He became involved in a divorce suit in which he was ordered to pay specified sums of money as alimony. The bankrupt was cited into divorce court on contempt proceedings for nonpayment of alimony, and to enforce a property settlement. During these proceedings, it was discovered that the bankrupt had conveyed the business to two of his employees. The state court appointed a receiver to take possession of the property and affairs of the company and to recoup its property for the benefit of its creditors. Eddy and Graham intervened in the action and claimed that they were the owners of the property by virtue of two written agreements. The state court found that the transfers were made without valid or actual consideration and with intent to hinder, delay and defraud creditors.[1] The objecting creditor also introduced in evidence a written application for a loan from a local bank, dated March 1, 1951, and signed by the bankrupt as a member of the firm. The application stated that the business had a net worth of $25,598.78, and that there were no outstanding mortgages against the property.

The objecting creditor called the bankrupt for examination. He was evasive in his testimony and refused or was unable to explain the transfers. He admitted that he had transferred the business to his employees. He could not give the value of the business at the time of the transfers or the consideration which was paid. He stated that he owed money to the employees but he did not know how much, and the books did not show the amount. He testified that he made the application to the bank to "help the boys". He was wholly uncooperative. At no time during the proceedings did the bankrupt undertake to prove that the conveyances were not made with intent to hinder, delay or defraud creditors. The Referee and the district court seemed to be of the view that the burden was upon the objecting creditor to establish his objections by a preponderance of the evidence.

---

1. While this judgment may not be res judicata, it would be "persuasive authority" in federal court in a proceeding involving the same issue. Boynton v. Moffat Tunnel Imp. Dist., 10 Cir., 57 F.2d 772, certiorari denied 287 U.S. 620, 53 S.Ct. 20, 77 L.Ed. 538.

142

The Bankruptcy Act is to be liberally construed in favor of the bankrupt. Unless it clearly appears that the bankrupt has committed some act which precludes his right, he is entitled to a discharge. The initial burden is upon the objecting creditor to establish reasonable grounds for believing the bankrupt has committed acts which will prevent his discharge. In other words, a prima facie case must be made. Dixon v. Lowe, 10 Cir., 177 F.2d 807; Jones v. Gertz, 10 Cir., 121 F.2d 782; Hedges v. Bushnell, 10 Cir., 106 F.2d 979; In re Leichter, 3 Cir., 197 F.2d 955, certiorari denied Dworsky v. Leichter, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705; Dixwell v. Scott & Co., 1 Cir., 115 F.2d 873. This burden is satisfied when the objecting creditor has shown that there are reasonable grounds for believing that the transfers were made with intent to hinder, delay or defraud creditors. Hedges v. Bushnell, supra. When the objecting creditor has discharged that burden, the bankrupt must then assume the burden of showing that the transfer was justified under all the circumstances. When the prima facie case is made, the burden is upon the bankrupt to furnish a satisfactory explanation. Jones v. Gertz, supra; Hedges v. Bushnell, supra; Dixon v. Lowe, supra; In re Haggerty, 2 Cir., 165 F.2d 977; In re Sandow, 2 Cir., 151 F.2d 807; Dixwell v. Scott & Co., supra; Rosenberg v. Bloom, 9 Cir., 99 F.2d 249; In re Smatlak, 7 Cir., 99 F.2d 687.

The statute lodges in the bankruptcy court a reasonably wide judicial discretion in determining a question such as this. We think, however, the evidence of the objecting creditor was sufficient to make out a prima facie case showing that the transfers were made with intent to hinder, delay, or defraud creditors, and that the burden was then upon the bankrupt to clear himself of the charge established by such a prima facie showing. The bankrupt failed to do this, and the discharge should have been denied.

Reversed.