282 F.2d 544
 Arthur G. JOHNSON, Trustee in Bankruptcy; and Richard L.
Steck, Objecting Creditor, Appellants,
v.
Joe D. BOCKMAN, Bankrupt, Appellee. In the Matter of Joe D.
Bockman, Bankrupt.
 No. 6297.
 United States Court of Appeals Tenth Circuit.
 Aug. 27, 1960.
 
 J. Francis Hesse, Wichita, Kan. (Arthur G. Johnson, Wichita, Kan., was with him on the brief), for appellants.
 No appearance for appellee.
 Before BRATTON, PICKETT, and LEWIS, Circuit Judges.
 BRATTON, Circuit Judge.
 
 
 1
 This appeal brings here for review an order of the district court discharging a bankrupt. Joe D. Bockman filed a voluntary petition in bankruptcy; an order of adjudication was entered; and a trustee was appointed. The schedules attached to the petition disclosed that there were unsecured debts aggregating $16,772.35, which included a judgment in favor of Richard L. Steck in the amount of $15,000; that there were no secured debts; and that there were no assets. The trustee and Steck filed separate objections to the discharge of the bankrupt. Both objected on the grounds that the bankrupt failed to keep adequate records, and that he failed to explain losses or deficiency of assets. And Steck objected on the additional ground that the bankrupt removed, transferred, or concealed property with intent to hinder and delay his creditors; but this ground was abandoned. The referee denied the objections being urged and entered an order of discharge. On review, the district court sustained the order of the referee and ordered the bankrupt discharged. The trustee and Steck joined in perfecting the appeal.
 
 
 2
 It is settled law that the Bankruptcy Act, 11 U.S.C.A. 1 et seq., is to be liberally construed in favor of a bankrupt. A bankrupt is entitled to a discharge unless it clearly appears that he has committed some act which precludes his right thereto. And the initial burden rests upon the one objecting to establish reasonable basis for believing that the bankrupt has committed an act or acts which prevent his discharge. But when a prima facie case has been made by the one objecting to the granting of the discharge, the burden shifts to the bankrupt to clear himself of the charge established by such prima facie case. Jones v. Gertz, 10 Cir., 121 F.2d 782; Dixon v. Lowe, 10 Cir., 177 F.2d 807; McMullin v. Todd, 10 Cir., 228 F.2d 139.
 
 
 3
 Another equally well established rule is that while a bankrupt is not to be denied a discharge on general equitable principles but only when one or more statutory grounds of objection are proved, the Act lodges in the bankruptcy court reasonably wide discretion in determining questions of fact arising in connection with the issues tendered by the objecting creditor. Kansas Federal Credit Union v. Niemeier, 10 Cir., 227 F.2d 287; McMullin v. Todd, supra.
 
 
 4
 Section 14, sub. c(2) of the Act, as amended, 11 U.S.C.A. 32, sub. c(2), provides that a discharge shall be granted unless the court is satisfied that the bankrupt has failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained, unless the court deems such failure to have been justified under all the circumstances of the case. But the statute does not exact as a condition precedent to the granting of a discharge the keeping of an impeccable system of bookkeeping which would meet the approval of a skilled accountant or records so complete that they would satisfy an expert in business. The statute is satisfied if the books of account or records sufficiently identify the transactions that intelligent inquiry can be made of them. Hedges v. Bushnell, 10 Cir., 106 F.2d 979. And in determining whether books of accounts or records are sufficient to meet the requirements of the statute, the court should take into consideration the kind, character, and complexity of the business. Baker v. Trachman, 2 Cir., 244 F.2d 18. But reasonably wide discretion is lodged in the bankruptcy court in determining whether the books of account or records in a given case are sufficient to meet the requirements of the statute, and the determination of that question will not be disturbed on appeal unless it is plainly erroneous. In re Marx, 7 Cir., 125 F.2d 335.
 
 
 5
 While evidence was adduced which related in an incidental manner to other activities of the bankrupt, the major challenge to the sufficiency of the books and records kept by him was directed to the period during which he conducted a used car business on locations which he leased or rented from Steck in Wichita and Hutchinson, Kansas, and to the subsequent period during which he and his wife operated a restaurant in Wichita. Evidence was adduced which tended to establish these facts and circumstances. At the time the bankrupt began his used car business on the property leased from Steck, Steck loaned him a substantial sum of money to be used in the operation of the business. Steck said that if he put any money into the business, he wanted to keep the books; and he did keep them. He kept a book or ledger in which a record was made of the purchases, sales, expenses, profits, and losses; and a list of accounts receivable was kept. Every time a car was sold, Steck got the money; deposited it in the bank; and the two divided the profits equally. Some records were in a brief case of the bankrupt. The brief case with the records in it disappeared. A few days before the business was terminated, the bankrupt had on hand about thirty-seven cars. He had about twelve of them sold across the auction block, some in Salina and some in McPherson, Kansas. The bankrupt did not keep and was unable to produce any record of the sales made at the auction. At the hearing on the objections to the discharge, he thought he had some sales slips at his home but a search was made and he was unable to find them. He endeavored to obtain some record or records from the auctioneer but failed. The wife of the bankrupt kept in book form a record of the restaurant business. The bankrupt had the book with him while testifying but it was not introduced in evidence and no testimony was offered concerning its adequacy or inadequacy. When the evidence thus reviewed in summary is considered as a whole, and the court is accorded its appropriate range in evaluating the evidence, it cannot be said on appeal that the court erred in rejecting the objection to the granting of a discharge for failure to keep adequate books and records.
 
 
 6
 Section 14, sub. c(7) of the Act, as amended, provides that the court shall grant the discharge unless satisfied that the bankrupt has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities. The bankrupt testified that the cars sold across the auction block brought about $5,000. He further testified that he did not have the money at the time of the hearing. And he made no effort to show what became of it. In short, no explanation was submitted. When it was shown that the bankrupt received the proceeds of the sale of such cars, the burden shifted to him to show what became of the money. Having failed to carry the burden, the discharge should have been denied on that ground.
 
 
 7
 The order or discharge is reversed and the proceeding is remanded.