**In re BARBIERE.**

No. 23265.

United States District Court
E. D. Pennsylvania.

April 30, 1951.

Maurice J. Friedman, Philadelphia, Pa., for bankrupt.

Charles Green, Philadelphia, Pa., for trustee.

Harold D. Saylor, Philadelphia, Pa., for a creditor.

David Bachman, Philadelphia, Pa., referee in bankruptcy.

CLARY, District Judge.

Phyllis Barbiere, wife of the above bankrupt, was the owner of property located at 327 Hampden Road, Upper Darby, Delaware County, Pennsylvania, prior to April of 1949. Just exactly when that property was sold does not appear clearly from the record but in any event the property was sold prior to April of 1949. On April 8, 1949, the premises 2245 Garrett Road, Drexel Hill, Upper Darby Township, Delaware County, Pennsylvania, was purchased with the proceeds of the Hampden Road property and title to the Garrett Road prop- erty was taken in the name of the bankrupt and Phyllis Barbiere, his wife, as tenants by the entireties. The bankrupt had been in business for himself at that time for ap- proximately twenty-seven years. The state- ment of affairs indicates that for six years prior to April of 1949, his business had been located at the Hampden Road prop- erty. The bankrupt's business was electri- cal, radio and television service.

On October 1, 1949, for the purpose of inducing Judson C. Burns, Inc. to extend credit to him, the bankrupt submitted in his own handwriting a financial statement which among other details indicated that title to the Garrett Road property was sole- ly in his name and that it had a market value of $25,000 subject to a mortgage of $15,000. On the basis of that financial statement, Judson C. Burns, Inc. extended credit and at the time of the filing of the petition in bankruptcy, bankrupt was in- debted to that creditor in the amount of $851.68. The financial statement was rep- resented by the bankrupt to be a true state- ment of his financial condition and he agreed therein that should there be any change in the condition, he would advise the creditor of the change, otherwise, the creditor could consider it a continuing statement.

On March 24, 1950, the bankrupt and his wife executed a Deed of the Garrett Road premises to the wife, placing the record title in her name alone. On April 6, 1950 the present voluntary petition in bankruptcy was filed.

At the first hearing of creditors on May 3, 1950, the bankrupt testified under oath that he never owned any real estate in his own name or in his own name jointly either with his wife or any other person. At the adjourned first meeting of creditors on May 24, 1950, he stated that the Garrett Road property was exclusively the property of his wife. A petition for discharge hav- ing been filed, Specifications of Objections thereto were filed by Judson C. Burns, Inc., the creditor. At the hearing on the specifi- cations on December 14, 1950, the bankrupt stated that he was under the impression that he was the owner of the property "as you take it for granted and believe what-

ever is between the wife and husband". He further stated categorically in answer to questioning by his own attorney that he did not intend to deceive anyone in making the clearly incorrect statement that the Garret Road property was in his own name. The Referee overruled the objections to discharge and granted bankrupt's discharge. The matter is now before me on the Referee's Certificate for Review on Trustee's Specifications of Objections to the Bankrupt's discharge.

 There is no doubt that the financial statement on which the Trustee predicates his objection to discharge was a statement made in respect to the bankrupt's financial condition; that it is in his handwriting; that it was given to obtain credit or extension of credit; and that the credit or extension of credit was given on the faith of the statement. See in the matter of Philpott, D.C. 1940, 37 F.Supp. 43. The remaining element set forth in the Philpott case requisite to bar a bankrupt's application for discharge under Section 14, sub. c(3) of the Bankruptcy Act, Title 11 U.S. C.A. § 32, sub. c(3), is that the statement must be materially false. The use of the word "false" in this connection means more than erroneous or untrue. It must import an intention to deceive. Schapiro v. Tweedie Foot Wear Corp., 3 Cir., 1942, 131 F.2d 876. In commenting upon the provision of the Bankruptcy Act involved in this action, Section 14, sub. c, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32, sub. c(3), Collier on Bankruptcy, 14th Edition, Volume 1, Section 14.43, at page 1357, states that while the burden of proof is upon the objecting creditor to establish the cause which he claims bar a discharge, yet when such creditor shows that a materially false statement was made and that credit was obtained thereby, the burden is on the bankrupt to disprove an intent to deceive. In Section 14.12 of the same volume at pages 1286, 1287 appears the following significant language: "The burden which shifts now upon a showing of reasonable grounds is not a burden of going forward with the evidence requiring the bankrupt to explain away natural inferences, but a burden of proving that he has not committed the objectionable acts with which he has been charged; the bankrupt now has the risk of ultimately persuading the court that the allegations in the specifications are untrue. If the evidence is in a state of substantial equilibrium, the discharge must be denied since the bankrupt has failed to carry his burden of proof."

In Section 14.40 at page 1351 et seq. it is stated: "It has been held that an intent to defraud is essential; the word 'false' means more than erroneous or untrue and imports an intention to deceive, and a materially false statement in writing must have been knowingly or intentionally untrue to bar a discharge. Intention to deceive is always material as an element of proof, and by the weight of authority, such intent is an essential element. It must be shown that the bankrupt's alleged false statement in writing was either knowingly false or made so recklessly as to warrant a finding that he acted fraudulently. The bankrupt's unsupported assertions of an honest intent will not overcome the natural inference from admitted facts."

The one question before the Court is whether the admittedly erroneous statement was materially false within the limits set forth above. I have no difficulty in deciding that the objecting creditor has here shown facts which cast upon the bankrupt the burden to disprove intent to deceive. Viewing the record in that light, I find no evidence beyond the bankrupt's unsupported assertion of honest intent to negative an intent to deceive. Certainly, the bankrupt, under the law of Pennsylvania, had to join his wife in the transfer of the Hampden Road property. Title to the Garrett Road property was taken in joint names less than six months before the execution of the financial statement in question. Within a period of six months after the execution of the financial statement, bankrupt joined his wife in a conveyance of the property to her in her individual name. Less than two weeks thereafter this voluntary petition in bankruptcy was filed. Within two months of the transfer from husband and wife to wife, he testified under oath that he never owned any real estate either individually or jointly with his

wife. At no time did he ever treat and deal with the property as his own so as to warrant a conclusion that he had come to believe that he was the legal owner. Cf. In re Payne, D.C., 48 F.Supp. 360.

All the testimony in this case is consistent only with an intent to obtain credit on the basis of a statement clearly incorrect. His own assertion of honest motives and innocent intent is uncorroborated by any additional evidence, clear and convincing in character, to overcome and rebut the natural inference from admitted facts. See In re Monsch, D.C. 1937, 18 F.Supp. 913. See also In re Stine, D.C. 1945, 60 F.Supp. 703, where the court held in a similar case that misrepresentation of ownership of property was sufficient grounds for refusing a discharge.

It is evident from the foregoing that the bankrupt has failed to carry the burden imposed upon him of negativing an intention to deceive. Consequently, on the cold record before me the finding of the Referee in that regard is not supported by the evidence. The order granting discharge must, therefore, be vacated.