In the Matter of Joseph Francis BARBIERE, Bankrupt.

Joseph Francis Barbiere, Appellant.

No. 10505.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1951.

Decided Dec. 26, 1951.

Maurice Friedman, Philadelphia, Pa., for appellant.

Charles Green, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

PER CURIAM.

The appeal at bar is from an order of the court below vacating an order of the referee, to whom the matter stood referred, granting the bankrupt, Barbiere, a discharge. The bankrupt gave a materially false statement to a creditor for the purpose of inducing the creditor to extend credit to him. The bankrupt insists that his motives were honest and his intent innocent, but, as the District Judge found, all the testimony in the case is "* * * consistent only with an intent [on the part of Barbiere] to obtain credit on the basis of a statement clearly incorrect." [97 F.Supp. 86, 89.]

Referring to Section 14, sub. c. of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32 sub. c(3), and Collier on Bankruptcy, 14th Ed., Vol. 1, § 14.43, p. 1377, the court below pointed out that while the burden of proof is on the objecting creditor to establish the cause which he claims bars a discharge, yet when the creditor shows that a materially false statement was made by the bankrupt and that credit was obtained thereby, the burden is on the bankrupt to disprove an intent to deceive. The court below correctly concluded that the bankrupt had not met this burden. See also Id., § 14.12, pp. 1291–1294, § 14.40, p. 1370 et seq. See also In re Monsch, D.C.Ky., 18 F.Supp. 913, and In re Stine, D.C.Mo., 60 F.Supp. 703. The District Judge correctly found that the finding of the referee that there was no intent on the part of the bankrupt to deceive was not supported by the evidence.

Consequently the order appealed from will be affirmed.