**In re LA BELLE.**
**Bankr. No. 54648.**

United States District Court
S. D. California, Central Division.
May 15, 1953.

448

John O. Akin, Long Beach, Cal., for Bankrupt.

F. Henry Ne Casek, Long Beach, Cal., for Objecting Creditor.

TOLIN, District Judge.

The review in this case arises from the Referee's Order denying a discharge in bankruptcy.

In his Order Denying Discharge the Referee found:

"* * * the bankrupt has failed to keep books of accounts or records from which his financial condition and business transactions could be ascertained, that for more than twelve months immediately preceding the filing of his petition in bankruptcy said bankrupt failed to record or account for cash and checks representing numerous payments for work done and material furnished by the bankrupt to divers persons and firms, and that the bankrupt failed to satisfactorily explain losses of assets and deficiencies of assets to meet his liabilities."

In his "Certificate On Review Of Order Denying Discharge * * *", the Referee certified the question presented to be:

"Does a bankrupt owe a duty to his creditors to keep books of account so that his financial status can be ascertained."

The transcript of proceedings before the Referee shows that this question and the bankrupt's alleged failure to keep such books of account comprised the controversy before the Referee. The answer to the Referee's question of law, which he answered affirmatively, must likewise be answered affirmatively here.

Title 11 U.S.C.A. § 32, specifies when discharges in bankruptcy shall be granted, and Subdivision c states one of the grounds for denial to be:

"* * * that the bankrupt has * * destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; * * *".

A pertinent comment in the case law declares:

"* * * Prior to the 1926 amendment the Act provided that destruction of or failure to keep books did not prevent discharge unless it was with intent to conceal the bankrupt's financial

condition. Karger v. Sandler, 2 Cir., 1932, 62 F.2d 80. But by the 1926 amendment the words 'with intent to conceal his financial condition' have been deleted from the statute, and the words 'unless the court deem such failure or acts to have been justified, under all the circumstances of the case' have been added. The effect of this change has been to take the burden of proving 'intent to conceal' from the objecting creditor or trustee, and to place the burden of proving justification upon the bankrupt. Nix v. Sternberg, 8 Cir., 1930, 38 F.2d 611, 612.

"Each case stands on its own facts with respect to whether or not the bankrupt has sustained the burden of justification which the statute places upon him for failure to keep or destruction of adequate records. * * * And with the bankruptcy court is lodged a reasonably wide discretion in respect to the matter of denying a discharge for failure to keep books. Nix v. Sternberg, supra; Hultman v. Tevis, 9 Cir., 1936, 82 F.2d 940." Rosenberg v. Bloom, 9 Cir., 1938, 99 F.2d 249, at page 251.

■ Particularly apropos of the facts of the case before the Court is a comment of the Appellate Court of the Seventh Circuit:

"What books of accounts or records satisfy the requirement * * * are, of course, not a constant: In each case they are a function of the nature of the particular bankrupt's business transactions and financial condition. What would suffice in one, would be hopelessly unsatisfactory in another. Yet, the absence of articulated mechanics does not leave a broad area of uncertainty in which all must wander with no idea of whether they would be entitled to a discharge if economic misfortune should overtake them. Records or books of accounts are but means to an end, the ascertainment of the bankrupt's financial condition and his business transactions, and any records which meet that end are satisfactory. They should show in some way his loss and gains, and present a satisfactory explanation of the receipts and disbursements. This condition precedent to discharge strikes at otherwise nondemonstrable fraud, for no longer does the successful objecting creditor have to prove the absence or inadequacy of the records was with intent to conceal: the bankrupt must now really have the necessary records or explain why the circumstances of his case excuse his failure. * * *" In re Marx, 7 Cir., 1942, 125 F.2d 335, at page 336.

■ Other decisions are to similar effect:

"Of course it is not necessary that bankrupts should keep any particular kind of books according to any set mode or system of bookkeeping. * *" In re Lieberman, D.C., 31 F.Supp. 87, at page 88.

■ "Failure to keep personal books of account from which bankrupt's financial condition could be ascertained would in itself be no ground of objection to discharge if nature of bankrupt's business did not require the keeping of such records, or if he were able with independent records of corporations with which bankrupt was associated *or otherwise to supplement data disclosed in his informal records of financial transactions,* but bankrupt had burden to show that *from all available data however informal,* his financial condition could be ascertained. * * *" (Emphasis supplied.) In re Greenberg, D.C.N.Y.1942, 46 F.Supp. 289.

It thus appears that one of the Court's duties on reviewing the Referee's action would necessarily include studying the books. The exceedingly informal proceedings before the Referee in this case did not include introduction of the books into evidence, nor were they in any way made a part of the record certified here, although it appears that the bankrupt had at least some part of the books before him as he gave his testimony. There is nothing in the record to show that the Referee ever saw the books. What he did was to hear testimony that certain transactions were not

fully recorded. There being a considerable omission from the record, how is the Court to properly review it? It is not the Court's duty to re-try the issue *de novo*.

"* * * 'the judge after hearing may adopt the report or may modify it or may reject it in whole or in part *or may receive further evidence* or may recommit it with instructions.' " (Emphasis supplied.) 2 Collier on Bankruptcy (14th Edition), Sec. 39.28, p. 1497. See also, In re Bresnan, D.C., 45 F.2d 193.

For the purpose of completing the record by introduction of the books, the sufficiency or insufficiency of which are of primary interest here, the Court has received further evidence, i. e. the books together with sufficient oral testimony that the Court was oriented thereto. In presenting the oral testimony, both parties persisted in going beyond the Court's ruling that the hiatus created by omission of the books from the record was the one thing this Court sought to correct. The Court did not, nor could it, properly try the matter *de novo,* or enter into examination of new matter. This premise was not accepted by counsel who determinedly presented the case here as if for the first time, but it should be stated that in considering the case, it has been adhered to by the Court.

As the books were not examined by the Referee, The Court has carefully examined them. The bankrupt was a contractor of minor cement work. As noted above, the right to a discharge is not conditioned upon keeping books in any particular style nor is perfection required in keeping whatever style of books the bankrupt has decided to maintain. A discharge in bankruptcy is not reserved for perfect bookkeepers.

The tenor of the above mentioned cases, particularly In re Greenberg, D.C., 46 F.Supp. 289, is that if reference to the records of corporations with which bankrupt did business adequately discloses the information, then the bankrupt himself will be excused for not keeping a full set of books himself. In this case much has been made in memoranda, evidence and argument that the books of bankrupt did not reflect a certain series of checks received from a certain party for whom bankrupt had performed labor. Asked how the fact of these unrecorded payments came to her attention, the objecting creditor's accountant stated that she had audited bankrupt's books, found there evidence of business with the particular contractor, and then on checking with that party, discovered in his records evidence of payments in excess of what was disclosed by bankrupt's books. It is apparent from the evidence now before the Court that the books and records of bankrupt while not ideal, were adequate to bring said debtor's business into scrutiny and to prevent the refusal of a discharge having in mind the nature of bankrupt's business and all other pertinent matters in the record.

Courts must bear in mind the fundamental philosophy of the theory of discharge in bankruptcy as stated by the Supreme Court in Local Loan Co. v. Hunt, 292 U.S. 234, at pages 244, 245, 54 S.Ct. 695, at page 699, 78 L.Ed. 1230:

"One of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' Williams v. U. S. Fidelity & G. Co., 236 U.S. 549, 554, 555, 35 S.Ct. 289, 290, 59 L.Ed. 713. This purpose of the act has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns *at the time of bankruptcy,* a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. Stellwagen v. Clum, 245 U.S. 605, 617, 38 S.Ct. 215, 62 L.Ed. 507; Hanover National Bank v. Moyses [186 U.S. 181, 22 S Ct. 857, 46 L.Ed. 1113], supra; Swarts v. Fourth National Bank, 8 Cir., 117 F. 1, 3; United States [ex rel. Adler] v. Hammond, 6 Cir., 104 F. 862, 863; Barton Bros. v. Texas Produce Co., 8 Cir., 136 F. 355,

357; Hardie v. Swafford Bros. Dry Goods Co., 5 Cir., 165 F. 588, 591; Gilbert v. Shouse, 5 Cir., 61 F.2d 398. The various provisions of the Bankruptcy Act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the act. * * *" (Emphasis theirs.)

See also, In re Anthony, D.C., 42 F.Supp. 312 (8, 9). Doubts (if any exist and they do not here) as to the adequacy of records should be resolved in favor of honest bankrupts.

The Court finds that the finding of the Referee above set forth is not supported and that the bankrupt has not failed to keep books of accounts or records from which his financial condition and business transactions could be ascertained but, on the contrary, he maintained such records. It was from an audit of those very records that the transactions which it is claimed were not accurately reported came to the objecting creditor's attention.

The Order of the Referee denying a discharge to the bankrupt is set aside.

Attorney for the bankrupt is directed to prepare findings of fact and conclusions of law and an order granting the discharge for presentation to the Court.