In the Matter of Henry KAUFHOLD, Bankrupt.

W. Louis Schlesinger, Trustee of the Estate of Henry Kaufhold, a Bankrupt and Forest R. Taylor, Appellants.

No. 12390.

United States Court of Appeals
Third Circuit.

Argued March 7, 1958.

Decided June 5, 1958.

Howard N. Plate, Erie, Pa. (Paul A. Stephany, William E. Pfadt, Quinn, Leemhuis, Plate & Dwyer, Frank B. Quinn, Erie, Pa., on the brief), for appellants.

T. P. Dunn, Erie, Pa. (Agresti & Agresti, Erie, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal from the reversal by the District Court of the Order of the Referee in Bankruptcy denying a bankrupt his discharge in bankruptcy.

The situation presented is rather unusual in this respect: The Referee premised his denial of the discharge on the ground that the bankrupt had committed an offense under Title 18 U.S.C. § 152,[1] which provides, among other things, "Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding * * * Shall be fined * * * or imprisoned * * * or both."

■ On review of the Referee's Order the District Court proceeded to take additional testimony.[2] Thereafter it filed a "Memorandum and Order"[3] in which it "overruled, vacated and set aside" the Referee's Order and directed that the bankrupt be discharged.

The District Court premised its action on its finding it was "unable to find that the false oath so-called was knowingly and fraudulently made; * * * the Bankrupt acted upon advice of counsel after a full disclosure by him of the factual situation; [and] Under the circumstances it is not believed that the Bankrupt could have been convicted at any time of a violation of 18 U.S.C.A. 152."

The critical facts as far as the instant appeal is concerned may be summarized as follows:

On November 15, 1951, the Supreme Court of Pennsylvania[4] affirmed a money judgment in favor of Forest R. Taylor against the bankrupt, Henry Kaufhold

("bankrupt"). On January 31, 1952 bankrupt filed a voluntary petition in bankruptcy listing two creditors in his schedules: Forest R. Taylor ("Taylor"), a judgment creditor in the amount of $14,254.90, and a law firm in Erie, Pennsylvania in the amount of $1,869.96.

Shortly after filing of the bankruptcy petition the Referee authorized the Trustee in Bankruptcy to join with Taylor in instituting an equity suit in the Court of Common Pleas of Erie County, Pennsylvania, against the bankrupt and his wife to subject certain real estate held by the bankrupt and his wife as tenants by the entireties to the claims of the bankrupt's creditors.

The Bill alleged that the real estate was purchased with assets that were the individual property of the bankrupt and that title was taken by the entireties in order to defraud his creditors. The State Court, after hearing, entered a decree nisi subjecting the jointly held real estate to a pro tanto charge in favor of bankrupt's creditors.[5] It specifically found (Finding of Fact No. 33) that the bankrupt was "guilty of fraud and intended to hinder, delay and defraud Forest R. Taylor, his creditor."[6]

The bankrupt filed no exceptions to the adjudication or the decree. Exceptions filed by his wife were dismissed and a final decree similar in terms to the decree nisi was entered. She then appealed to the Supreme Court of Pennsylvania, which affirmed the lower court's decree.

1. Section 14, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, provides, inter alia, "The court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under section 152 of Title 18 * * *".

2. The action was permissible under the provisions of General Orders in Bankruptcy No. 47, 11 U.S.C.A. following section 53. See also In re J. Rosen & Sons, Inc., 3 Cir., 1942, 130 F.2d 81, 84; In re La Belle. D.C.S.D.Cal.1953, 112 F. Supp. 447, 450, citing 2 Collier on Bankruptcy (14 ed.) sec. 39.28, p. 1497.

3. The Memorandum is not reported.

4. Taylor v. Kaufhold, 1951, 368 Pa. 538, 84 A.2d 347, 32 A.L.R.2d 575. See Craig v. Taylor, 1946, 160 Pa.Super. 101, 50 A.2d 118; Kaufhold v. Taylor, 1948, 360 Pa. 372, 61 A.2d 813, which preceded.

5. Taylor, etc. v. Kaufhold, 1953, 37 Erie County Legal Journal Pa. 253.

6. Finding of Fact No. 33 reads as follows: "Henry Kaufhold in depositing funds derived from the sale of his liquor business in a joint account with his wife and in subsequently using said funds as a part of the purchase price of real estate placed in the name of himself and wife as tenants by the entireties, was guilty of fraud and intended to hinder, delay and defraud Forest R. Taylor, his creditor."

Taylor v. Kaufhold, 1954, 379 Pa. 191, 108 A.2d 713.

The Bill in Equity in the Erie County suit and the bankrupt's Answer to it constitute the premise for the specification [7] objecting to the bankrupt's discharge on the ground that he had "knowingly and fraudulently" made a false oath in relation to a bankruptcy proceeding.

In paragraph 9 of the Bill it was alleged that the bankrupt had caused title to be taken in his name and that of his wife (to the real estate involved) "with the intent by Henry Kaufhold to conceal the same and place the same beyond the reach of Forest R. Taylor or any other creditor of the said Henry Kaufhold." [8] In paragraph 9 of his Answer bankrupt "expressly denied" the allegations in paragraph 9 of the Bill.[9]

In his Affidavit to the Answer bankrupt swore that the facts stated therein "are true and correct to the best of his knowledge, information and belief." [10]

With respect to the Bill filed in the State Court proceeding and bankrupt's Answer and Affidavit thereto, the Referee made the factual findings that bankrupt's statements in paragraph 9 of the Answer were "false and untrue" [11] and that he "knowingly and fraudulently made a false oath to the answer." [12]

7. The third specification of objection to the discharge states:

"The bankrupt has committed an offense punishable by imprisonment as provided under the Acts of Congress relating to bankruptcy in that the bankrupt knowingly and fraudulently under oath filed an Answer in an Equity Suit at No. 6 May Term 1952, in the Court of Common Pleas of Erie County, Pennsylvania, 'denying any participation by him, either singly or jointly with his wife, in any undertaking or conspiracy of any kind or nature for the purpose or with the intent to conceal any individually owned assets of his own from his creditors or from Forest R. Taylor', but said Court found said Answer under oath to be false and the bankrupt 'was guilty of fraud and intended to hinder, delay and defraud Forest R. Taylor, his creditor.'"

8. Paragraph 9 of the Bill states:

"9. The deed for the premises known as 1602–1604–1606–1608 State Street, Erie, Pennsylvania was recorded November 3, 1949 in the office of the Recorder of Deeds of Erie County Pennsylvania in Deed Book 551, page 93 and was taken in the name of Henry Kaufhold and Amalia Kaufhold, his wife, during the the pendancy of the suit between Foster R. Taylor and Henry Kaufhold in the Court of Common Pleas of Erie County, Pennsylvania, with the intent by Henry Kaufhold to conceal the same and place the same beyond the reach of Forest R. Taylor or any other creditor of the said Henry Kaufhold."

9. The relevant part of paragraph 9 of the Answer reads as follows:

"The facts as alleged in paragraph nine of the Bill of Complaint are expressly denied * * *

"Further answering, the defendant denies any participation by him either singly or jointly with his wife in any undertaking or conspiracy of any kind or nature for the purpose, or with the intent to conceal any individually owned assets of his own from his creditors or from the plaintiff, Forest R. Taylor."

10. The Affidavit to the Answer reads as follows:

"Commonwealth of Pennsylvania
"County of Erie        ss:

"Before me, a Notary Public in and for said County and State, personally appeared Henry Kaufhold, who, being duly sworn according to law, deposes and says that the facts set forth in the foregoing Answer are true and correct to the best of his knowledge, information and belief.

"Henry Kaufhold

"Sworn and subscribed to before me this 9th day of January, 1953.

"Joseph   V.   Agresti
"Notary Public."

11. Finding of Fact No. 7:

"That paragraph 9 of Henry Kaufhold's Answer to the Complaint in the case of Forest R. Taylor and Louis W. Schlesinger, Trustee of the Estate of Henry Kaufhold, a. bankrupt v. Henry Kaufhold and Amalia Kaufhold, his wife [38 Erie 14], in the Court of Common Pleas of Erie County, Pennsylvania, at No. 6 May Term 1952, In Equity, is false and untrue."

12. Finding of Fact No. 8:

"That Henry Kaufhold knowingly and fraudulently made a false oath to the answer filed by him in No. 6 May Term 1952, In Equity, in the Court of Common Pleas of Erie County, Pennsylvania."

The Referee also determined that the State Court's action was an integral part of the bankruptcy proceedings inasmuch as it sought to make assets of the bankrupt available to his creditors; that the Trustee in Bankruptcy had been authorized by the Bankruptcy Court to join in the institution of the State Court action; and that the oath taken by the bankrupt to his Answer was "in relation to a bankruptcy proceeding."

The Referee further held that although the finding of the State Court that the bankrupt's statements in paragraph 9 of his Answer were false was not "res judicata" that it "does at least establish a prima facie case", citing 1 Collier on Bankruptcy (14 Ed.) Sec. 14.26 at p. 1326.

Based on the foregoing, the Referee concluded that the bankrupt had committed an offense punishable under 18 U.S.C. § 152 in that he had "knowingly and fraudulently made a false oath in relation to a bankruptcy proceeding" and accordingly found that the third specification of objection to bankrupt's discharge had been sustained, and denied the bankrupt his discharge.

The District Court, as earlier stated, reversed the Referee and granted the bankrupt his discharge, on its own factual finding that it was "unable to find that the false oath so-called was knowingly and fraudulently made" and that "the bankrupt acted upon advice of counsel after a full disclosure by him of the factual situation" in connection with the statements in his Answer and his oath in the Affidavit thereto.

■ It may be noted, parenthetically, that the District Court agreed with the Referee's conclusion that the State Court action was "in relation to a bankruptcy proceeding." We are in accord.

The issue presented for decision here, simply stated, is this: did the District Court err in reversing the Referee's factual finding that the bankrupt had "knowingly and fraudulently made a false oath", and finding to the contrary?

Applicable to the situation here are these well-settled principles:

■ A false oath made by a bankrupt in relation to proceedings in bankruptcy, sufficient to justify denial of discharge, must be "knowingly and fraudulently" made; it is sufficient that the bankrupt knows what is true and, so knowing, wilfully and intentionally swears to what is false; the false oath must be to an untrue statement in a matter material to an issue which is itself material to the proceeding;[13] the making of a false oath is sufficient to justify an inference of an intent to defraud creditors; the burden of proof is on the objecting creditor to make out a prima facie case, but once he has done so the burden shifts to the bankrupt;[14] a finding that an oath was "knowingly and fraudulently" made is in the nature of an ultimate finding of fact, and although it is subject to review free of the impact of the so-called "clearly erroneous rule" applicable to ordinary findings of fact by the trier of the facts, nevertheless it cannot be disturbed if the evidence on which it is premised measures up to the applicable standard of legal proof.[15]

In applying the principles stated in the instant case we are confronted with this situation—the ultimate findings of the Referee and the District Court on the issue as to whether bankrupt swore falsely are diametrically opposite.

13. Tancer v. Wales, 2 Cir., 1946, 156 F. 2d 627; Aronofsky v. Bostian, 8 Cir., 1943, 133 F.2d 290; Morris Plan Industrial Bank v. Henderson, 2 Cir., 1942, 131 F.2d 975; Willoughby v. Jamison, 8 Cir., 1939, 103 F.2d 821, certiorari denied 308 U.S. 588, 60 S.Ct. 111, 84 L. Ed. 492. See also Collier on Bankruptcy, § 14.25.

14. 11 U.S.C.A. § 32. See also McMullin v. Todd, 10 Cir., 1955, 228 F.2d 139; In re Barbiere, 3 Cir., 1951, 192 F.2d 1018; Duggins v. Heffron, 9 Cir., 1942, 128 F.2d 546.

15. In re Pioch, 3 Cir., 1956, 235 F.2d 903, 905.

It is clear from the record in the proceedings before the Referee that his ultimate finding was amply supported by the evidence and that had not the District Court itself undertaken to take additional testimony it would, absent such testimony, have been required to affirm the Referee's ultimate finding. However, since the District Court did take additional evidence, which it was empowered to do, it is necessary to review such evidence in order to determine whether or not it afforded sufficient basis for the District Court's ultimate finding.

The District Court's Memorandum and Order make it clear that it based its ultimate finding on its factual finding that "the Bankrupt acted upon advice of counsel after a full disclosure by him of the factual situation" in swearing to the statements in his Answer in the State Court proceeding. The evidence taken by the District Court does not sustain this factual finding. The record discloses that on direct examination the bankrupt stated he had made full disclosure of the facts to his counsel before the latter prepared bankrupt's Answer to the Bill in the State Court proceeding, while on cross-examination he admitted that the contrary was true.

As the District Court stated during the bankrupt's examination on the controverted point as to whether he had made full disclosure to his counsel:

"Well, he says that [that he didn't make full disclosure] in one breath and in the next breath he says he told them [his counsel] everything."

The conflicting testimony given by the bankrupt on this critical issue was not sufficient to discharge his burden of proof with respect to the prima facie case of a false oath established by the objecting creditor.

Moreover, the District Court's finding that "From the evidence *I am unable* to find that the false oath so-called was knowingly and fraudulently made" falls far short of the quality required of an affirmative finding sufficient to reverse a Referee's finding based on ample testimony. (Emphasis supplied.)

We are of the opinion that the District Court erred in reversing the Referee's Order and in granting the bankrupt his discharge.

For the reasons stated the Order of the District Court will be reversed and the cause remanded with directions to the District Court to proceed in accordance with this opinion.