Elja FELDENSTEIN, d/b/a Bell Distributing Company, and Nu Way Home Sales Company, Bankrupt-Appellant,

v.

RADIO DISTRIBUTING COMPANY, Creditor-Appellee.

No. 15251.

United States Court of Appeals Sixth Circuit.

Oct. 23, 1963.

Frazer & Popkin, Detroit, Mich., for appellant.

George W. Tobias, Detroit, Mich., for appellee.

Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Radio Distributing Company, a creditor of the bankrupt, Elja Feldenstein, doing business as Bell Distributing Company, objected to the discharge of the bankrupt on the ground that he had obtained money or property on credit by making a materially false statement in writing respecting his financial condition. Section 14, sub. c(3), Bankruptcy Act, Section 32, sub. c(3), Title 11 United States Code.

After various proceedings in the Bankruptcy Court, the Referee denied the discharge, which ruling was affirmed by the District Judge. This appeal followed.

On June 30, 1958, the bankrupt, who was engaged in the retail appliance business, submitted a schedule of his assets and liabilities to Radio Distributing Company for the purpose of obtaining credit. The company extended credit to the bankrupt, but by July 23, 1959, this indebtedness had been paid. On November 5, 23 and 30, the bankrupt requested further credit, which was given by the company without a new financial statement being issued, and apparently without the bankrupt being asked if his financial condition had changed.

The financial statement issued by the bankrupt included as assets, "Building Equity $24,652.00" and "Land Contracts $19,875.52." The contention is made that the bankrupt's wife had an interest in these particular assets, which was not disclosed to the creditor or by the financial statement, and so constituted a false statement.

In the proceedings in the Bankruptcy Court it was apparently assumed that the bankrupt had conceded through his attorney that the financial statement was false, and the parties addressed themselves to the legal issue arising out of the fact that the financial statement was some seventeen months old when credit was given in November 1959, and that all credit previously extended on the basis of the statement had been fully paid by July 23, 1959.

On this appeal the bankrupt contends that the Referee made no finding that the financial statement was materially false and that the bankrupt at no time admitted it was false. We are of the opinion that this contention has merit.

■■ We do not construe the statement of the bankrupt's attorney as conceding that the financial statement was false. He admitted that the statement was erroneous. A financial statement, which is merely erroneous with no intent to deceive, is not a false statement within the meaning of the statute. Third National Bank v. Schatten, 81 F.2d 538, 540, C.A.6th; Schapiro v. Tweedie Foot Wear Corporation, 131 F.2d 876, 878, C.A.3rd;

In re De Glopper, 138 F.Supp. 928, 933, W.D.Mich. See: Idema v. De Glopper, 245 F.2d 236, C.A.6th.

The transcript of the testimony in the hearings in the Bankruptcy Court shows that the Referee stated with respect to the evidence pertaining to this issue "there's a lot that could be wished for and hoped for" and that he didn't know that the bankrupt did not have equity in the property as stated in his financial statement. He stated: "There has been nothing in here to prove it. It has never been asked Mr. Feldenstein. There could have been something that caused an increase in the value of that property. I don't know, gentlemen. That's something that I can't guess." He stated that the creditor's attorney would have him guess that the bankrupt no longer had an interest in the piece of property and what payments had been made by the land contract vendee between 1955 and 1958. He said, "Maybe the land contract vendee didn't pay a penny. I could just as easily guess that, if I am going to engage in a guessing game. Gentlemen, I don't know. * * *"

■■ This is not a finding by the Referee that the financial statement was false or that it was not false. The burden of proving that he has not committed an act which will prevent his discharge is upon the bankrupt after the objector has made a prima facie case. Section 32, sub. c, Title 11 United States Code; Johnson v. Bockman, 282 F.2d 544, 545, C.A.10th; In re Kaufhold, 256 F.2d 181, 185, C.A.3rd; In re Schwartz, 135 F.2d 362, 363, C.A.2nd; In re Parnell Lumber Co., 107 F.Supp. 794, 798, N.D. Ohio. In view of this rule on the burden of proof, we think it is advisable that the Referee make a finding on the issue of the alleged falsity of the financial statement submitted by the bankrupt.

The judgment of the District Court is vacated and the case is remanded for further proceedings in accordance with the views hereinabove expressed, including the hearing of additional evidence if offered or if the Referee considers it advisable to do so.