**In the Matter of Robert M. BERK, Bankrupt.**

**No. 71 B 587.**

United States District Court, E. D. New York.

April 2, 1973.

Jaspan & Kaplan by Arthur W. Jaspan, Mineola, N. Y., for bankrupt.

Arthur L. Webber by Ernst L. Bendix, New York City, for creditor.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is a petition by the bankrupt to review a referee's determination that a personal bank loan owed by the bankrupt is not dischargeable. Discharge was denied because of petitioner's failure to mention on the loan application the existence of a $75,000 second mortgage on his $80,000 house which he had given as security for repayment of an obligation incurred by a family corporation.

The sole issue in dispute is whether a discharge is barred because petitioner intentionally made a "false" written financial statement within the meaning of § 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2) ("the Act").[1] The word "false" means more than erroneous or untrue and imports an intention to deceive. Collier, Bankruptcy, § 1440.

Petitioner does not deny he made an untrue statement in the credit extension application in controversy herein when he omitted disclosure of the $75,000 second mortgage. Nor does he claim he forgot to list that mortgage, but only that he *knowingly* failed to do so out of a misapprehension. In other words, his only dispute with the referee's ruling is that of the two principal elements of intent to deceive—knowledge and deceitful purpose—there has been no demonstration in the record of the latter. Thus, he argues, "as to the matter of deceitful intention, the Referee made no specific findings of fact, expressing only a general conclusion that [petitioner] issued a materially false statement with intent to deceive" (Br. 6).

The referee in his memorandum of June 27, 1972 specifically found

"1. The Bankrupt issued a materially false statement of his assets and liabilities with the intention of obtaining a loan and extension of a loan from the Bank of Commerce.

"2. The said statement was issued with the intention to deceive the Bank of Commerce."

In support of these findings the referee's memorandum particularly noted that the bankrupt was the chief officer and sole stockholder of J. Berk, Inc., on whose behalf the house mortgage was given. Further, the memorandum stated that petitioner had extensive business experience and had operated a real estate company. These conclusions are amply supported in the record.

It is clear that such factors weighed heavily against petitioner's bare statement that he had omitted the second mortgage because as far as he was concerned he had no "involvement with it" as "[t]he business was paying the debt." While not labeled as findings of fact, these factors and inferences drawn therefrom were clearly findings of fact. Cf. In re Beasley-Gilbert's, Inc., 285 F. Supp. 359, 363 (S.D.Ohio 1968). Thus, the referee made findings of fact and law on the issue of intent to deceive,

---

1. "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as
    "(2) are liabilities for . . . obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive. . . . "

and these findings constitute sufficiently specific adjudication of the point.

■ The referee's findings and conclusions must be confirmed unless they are clearly erroneous. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United Staes v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ Moreover, § 14(c) of the Act, 11 U.S.C. § 32(c), provides that

". . . If, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

Consequently, where a ground for denying a discharge is shown which falls within the literal wording of the Act, a shifting of burdens takes place. The burden which shifts is not simply a burden of going forward with the evidence requiring the bankrupt to explain away natural inferences, but a burden of proving that he has not commited the objectionable acts with which he has been charged. Weinstein v. Nussbaum, 302 F.2d 24, 25–26 (2 Cir. 1962); Collier, Bankruptcy, § 14.12.

■ As to petitioner's alleged misconception about the second mortgage, there has been no evidence beyond the bankrupt's unsupported assertion of honest intent. However, a prima facie case of purpose to deceive or mislead was established by petitioner's own testimony before the referee and inferences and presumptions rationally arising therefrom. See Collier, Bankruptcy, § 14.12. A businessman can reasonably be expected to comprehend the nature of a personal guaranty on a business loan. A real estate man can reasonably be expected to understand the nature of a second mortgage. Thus, petitioner's own assertion of honest motives and innocent intent, uncorroborated by any additional evidence, failed to rebut the natural inferences from admitted facts. See In re Barbiere, 97 F.Supp. 86, 89 (E.D.Pa.), affd. per curiam 192 F.2d 1018 (3 Cir. 1951); In re Farrell, 30 F.Supp. 88, 89 (E.D.N.Y.1939); In re Monsch, 18 F. Supp. 913, 915 (E.D.Ky.1937).

The referee effectively demonstrated in his memorandum that petitioner had failed to meet this burden, clearly doubting that a man with considerable business and, in particular, real estate experience did not truly understand the nature of his second mortgage. Furthermore, in the court's view the fact that the money or credit obtained in return for the mortgage went to petitioner's wholly-owned company cannot obscure the fact that petitioner signed a second mortgage on his house only seven months before filling out the application in dispute. After reviewing the evidence the court, far from concluding that a mistake has been committed, finds there is substantial evidence to support the referee's finding of an intent to deceive on the part of the bankrupt. Petitioner, having failed to meet his burden of proof before the referee, has failed a fortiori to demonstrate a clearly erroneous determination.

Accordingly, the referee's findings must be confirmed, and the petition must be denied.