**In the Matter of Curtis D. MANGHAM, Bernice Mangham, Mangham's Waste Collection, Debtors.**

**GENESIS LEASING CORPORATION, Plaintiff,**

**v.**

**Curtis D. MANGHAM et al, Defendants.**

**Bankruptcy Nos. 1–80–590, No. 1–80–589. Adversary No. 1–80–0166.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Jan. 21, 1981.

Harold Lieberman, Stanley J. Litz, Cincinnati, Ohio, for the debtors-defendants.

Paul E. Lukey, Cincinnati, Ohio, for the creditor-plaintiff.

### ORDER FINDING DEBT OF GENESIS LEASING CORPORATION DISCHARGEABLE

LEONARD C. GARTNER, Bankruptcy Judge.

On April 1, 1980, Curtis and Bernice Mangham filed their petitions for debtor relief; contemporaneously Mangham's Waste Collection, Inc. (controlled by the debtors) filed its petition.

On June 25, 1980 Plaintiff, Genesis Leasing Corporation filed its complaint to determine the dischargeability of a certain debt based upon two false financial statements, as therein set forth. On July 15, 1980 defendants file an answer which umbrellas almost every conceivable defense to the complaint. Trial was held.

11 U.S.C. § 523(a)(2) of the Bankruptcy Code excepts from discharge debts for obtaining money, property, services or an extension, renewal of refinance of credit by (B) use of a statement in writing (1) that is materially false; (2) respecting the debtor's financial condition; (3) on which the creditor to whom the debtor is liable for obtaining such money, property, service of credit reasonably relied; and (4) that the debtor caused to be made or published with the intent to deceive.

From the standpoint of a creditor seeking relief under these provisions, the most difficult to sustain are "reliance" by the extender of credit and "deceit" by the debtor.

■■■ The central controversy at issue herein on the financial statement concerns the listing as expenses of amounts reflecting tax liabilities. From these statements alone, it is unclear as to whether these are paid taxes or accrued, and whether these figures reflect an exact total amount. Are these materially false statements because they may be unknowingly inaccurate. Knowing falsity implies an intention to deceive. Inaccurate information without an intention to deceive is not materially false. No attempt was made by the debtor to hide the fact that tax liability existed by not listing any tax information. Something more than untrue or erroneous is required. A false writing must have been intentionally made to bar a discharge. *In Re Caseldine*, 104 F.Supp. 645 (S.D.Ohio, W.D., 1952); *In Re Barnhart*, 91 F.Supp. 453 (N.D.Ohio, E.D., 1950). See also: *Third National Bank v. Schatten*, 81 F.2d 538 (6th Cir. 1936). The Sixth Circuit stated in *Feldenstein v. Radio Distributing Co.*, 323 F.2d 892 (6th Cir. 1963), that, "a financial statement, which is merely erroneous with no intent to deceive, is not a false statement

within the meaning of the statute." *Id.*, at 893.

N.B. while the cited cases were decided under the now repealed Bankruptcy Act, the philosophy of dischargeability has not changed measurably. See *Collier Bankruptcy Code, Pamphlet Edition, 1979, Part 3;* Comment to Section 523, at page 247.

Such for deception. Now for reliance. The testimony and exhibits clearly cause confusion. Note the financial statements predated the involved lease transactions by considerable time. It is not certain how they got into the possession of the creditor, nor why.

There is conflicting testimony surrounding the financial statements—for leases, for a transfer station, for what? No explanation.

A studied reading of the transcription of testimony leaves no other conclusion than that the creditor has failed to sustain its burden of proof. See *In Re Paul Edward Campbell*, No. 56018, (S.D.Ohio, 1972).

The debt of Genesis Leasing Corporation against the defendants, Curtis & Bernice Mangham and Mangham Waste Collection is dischargeable. SO ORDERED.