**In re PARSONS.**

**No. 252.**

Circuit Court of Appeals, Second Circuit.

March 1, 1937.

Benjamin I. Shiverts, of New York City, for bankrupt-appellant.

James A. Davis, of New York City, for creditor-appellee.

Leon Quat, of New York City (James A. Davis, Leon Quat, and Frederic D. Dassori, all of New York City, of counsel), for trustee-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying an application by a bankrupt for a discharge and sustaining the first, second,

and fourth specifications. The special master summarized the specifications which he sustained as follows:

(1) That the bankrupt on November 4, 1933, concealed, transferred, and removed a one-tenth interest in the estate of his grandfather, with intent to hinder, delay, and defraud his creditors.

(2) That on or about November 4, 1933, the bankrupt transferred to his wife this property, and omitted said property from his schedules, and concealed the property from the trustee.

(4) That on January 2, 1934, the bankrupt made false oath, while being examined in the bankruptcy proceedings, by stating that he had made no transfer of any of his property.

■ On October 20, 1933, the creditor MacManus obtained a judgment for $12,201.61 in the New York Supreme Court, against John P. Parsons, the bankrupt herein, and on November 23, 1933, Parsons was adjudicated a bankrupt. On January 2, 1934, Marion F. Backus was appointed trustee of the bankrupt's estate and thereafter brought suit in the New York Supreme Court to recover property fraudulently transferred to the wife of the bankrupt which consisted of a portion of a remainder interest in his grandfather's estate, which interest the bankrupt is said to have transferred to his wife in order to hinder, delay, and defraud creditors. The suit was dismissed on the merits, and the judgment of dismissal was affirmed in the Appellate Division in Backus v. Parsons, 248 App.Div. 553, 288 N.Y.S. 1043.

It may be assumed, because of the motion granted by this court, for the diminution of the record, that the issues decided in the Supreme Court action are before us; that there was a binding decision in that case that the wife of the bankrupt became an owner of the remainder interest by deed dated February 3, 1931, recorded in the office of the register of deeds of Westchester county in Liber 3161 of Deeds, page 415, on July 10, 1931; that on July 6, 1931, both she and her husband executed a transfer of this interest to the Rye National Bank as security for a loan; that the bank held the remainder interest as security for the loan until the property was turned over to it by the trustees of the grandfather's estate; and that, after deducting the amount of its loan, the Rye National Bank assigned the balance to the wife, Catherine Parsons, by instrument dated November 4, 1933, and that she thereafter received the property. It was shown at the hearing in the present proceeding that the bankrupt consented in writing to the assignment by the bank to his wife and also himself executed an assignment to her of "all his right, title and interest in and to the property in said instrument * * * to the end that said Catherine Parsons may become the sole, absolute owner of said property, or so much thereof as may remain." In view of the foregoing, and the finding by the state court that the transfer to Mrs. Parsons under date of November 4, 1933, was not fraudulent or void as against the trustee in bankruptcy or the bankrupt's creditors, we are inclined to think that the decree of the state court as to the transfer dated November 4, 1933, is res adjudicata in respect to specifications 1 and 2, and that they should, therefore, have been overruled. We think that the fourth specification was proved and the maintenance of that specification is sufficient to bar a discharge.

■ On January 2, 1934, the bankrupt was examined by the referee and stated under oath that he had not "made any transfers of real property or personal property during the past year." He certainly purported to make a transfer by the assignment to his wife dated November 4, 1933, which we have mentioned above. She had conveyed her interest to him in July, 1931, and he therefore apparently held the technical legal title and the bank held his interest in his grandfather's residuary estate as security for the loan. Even though the equitable title was in his wife, we think that an honest answer to the question put to him at the examination required him to state that he had executed the assignment, irrespective of whether the instrument was necessary to complete his wife's title. In re Slocum (C.C.A.) 22 F.(2d) 282, 285. At the time the answer was given, it had not been ascertained that his wife had even an equitable title to the remainder interest, for the decision had not then been rendered by the state court. Moreover, even though Mrs. Parsons' interest had amounted to a legal title ever since the transfer to the bank in 1931, such an interest was by no means apparent and the bank required her husband to join in the instrument of November 4, 1933, before turning over the remainder interest to her. When he was

asked whether he had made a transfer, he should have disclosed the instrument of November 4, 1933, so that the trustee could properly investigate the bankrupt's affairs, and the question, we think, called for a disclosure of an instrument in which he quitclaimed his interest in the estate in remainder even though his interest as a matter of law had theretofore passed to his wife.

The order sustaining the fourth specification as to the false oath and denying a discharge is therefore affirmed, but it is reversed so far as it sustains the first and second specifications.

Order modified accordingly.