**UNION BANK, Appellant,**

v.

**Allen BLUM and Sam Bailey, Appellees.**

No. 25846.

United States Court of Appeals,
Ninth Circuit.

May 8, 1972.

Myron W. Curzon (argued), Los Angeles, Cal., for appellant.

Norman Berris (argued), Charles L. Birke, of Berris & Seton, Beverly Hills, Cal., Allen Blum, pro se (appeared), for appellees.

Before DUNIWAY and KILKENNY, Circuit Judges, and MURPHY,* District Judge.

* The Honorable Thomas F. Murphy, Senior District Judge, Southern District of New York, sitting by designation.

KILKENNY, Circuit Judge:

Appellant prosecutes this appeal from an order of the district court in a bankruptcy proceeding denying a petition to review and affirming the judgment of the referee in bankruptcy granting discharges in bankruptcy to appellees Allen Blum and Sam Bailey. We AFFIRM.

## FACTUAL BACKGROUND

Prior to November 26, 1966, appellees were engaged in business with appellee Blum's father in a corporation, known as Blum-Bailey-Blum, Inc., and were also partners in another concern. An involuntary petition in bankruptcy was filed against Blum-Bailey-Blum, Inc. and appellees, Blum and Bailey, on November 25, 1966. It was not until June 16, 1967, that an order was entered adjudicating appellees bankrupt. Appellant bank was one of appellees' principal creditors.

Prior to bankruptcy, Blum owned a residence with his father which they sold in October, 1966. Blum received $2,200.00 for his share of the sales price, which he used to pay living expenses and personal debts. Bailey owned a beach home which he sold in September, 1966. His $5,000.00 equity was used by him to pay personal debts and expenses.

The procedure in the bankruptcy court, and to a certain extent in the district court, is somewhat complicated.

Appellant originally objected to the discharge of Blum on the following grounds:

(1) that Blum failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained [Objections I and II];

(2) that Blum destroyed the books of account and records [Objection III]; and

(3) that Blum received $4,000.00** in cash from the sale of his residence prop-

** Actually $2,200.00.

erty and made no satisfactory explanation as to the disposition of the funds [Objection IV].

Appellant objected to the discharge of Bailey on the same grounds and additionally charged that the bankrupt had made no satisfactory explanation as to the disposition of the $5,000.00 received from the sale of the residence and that the bankrupt concealed the said sum and acted with intent to hinder, delay and defraud his creditors by such concealment. [Objection V].

Later, the appellant filed supplemental objections in each proceeding in which it was charged that the bankrupts by promise of remuneration, reward and advantage, knowingly and fraudulently attempted to have appellant withdraw the specifications of objection previously filed.

After hearings on the objections, the referee specifically overruled the original specifications with the exception of Bailey's number V. He failed to make a specific finding on that specification. At the same time, the referee found that the bankrupts had knowingly and fraudulently attempted, by promise of remuneration, reward and advantage, to have the appellant withdraw the original specifications of objections to discharge and concluded that an order should be entered denying the discharge of each of the bankrupts. The order was entered on July 23, 1968.

Later, each appellee filed a petition for review by the district court of the order denying the discharges. While the petition was pending, the appellees filed a motion to reopen the hearing on the objections and to vacate the order of July 23, 1968. In studying the petition for review, the referee concluded that an important document had not been made available to counsel for the appellees on the original hearing. All parties then agreed that the hearing should be reopened to take testimony with reference to that document.

The referee, with the consent of the appellant, then entered an order vacat-ing and setting aside the findings of fact and conclusions of law previously filed and vacated its order denying the discharges. At the same time, the referee ordered additional testimony and evidence to be taken concerning the supplemental specifications of objections to discharge.

A series of hearings were conducted on the issues in December, 1968, and January, 1969, at which time the referee took the subject under submission.

Realizing that filing of the petitions for review might have lodged jurisdiction in the district court, the supplemental proceedings to vacate the order under review were brought to the attention of the district court and that court, on May 13, 1969, remanded the cause to the referee for such further hearings or actions as might be necessary.

On the following May 20th, the referee reversed his previous decision and made supplemental findings, overruling appellant's supplemental objections. At the same time, he entered an order of discharge as to each appellee.

In the supplemental findings, the referee specifically found that the appellant had failed to sustain its burden of proof and did not establish to the satisfaction of the referee that the bankrupts had knowingly and fraudulently offered and promised remuneration, reward or advantage to appellant in asking to dismiss and forebear prosecution of the specifications to discharge. Specific reasons in support of the referee's conclusion are set forth in detail in the referee's findings. After several extensions of time, the appellant filed a petition for review of each order of discharge. After a hearing on the petitions for review and the consolidation of such petitions, the district court entered the order from which this appeal is prosecuted.

### ISSUES

Appellant contends: (1) that the referee erred in failing to find that the appellees failed to keep or preserve books of account or records from which their

financial condition and business transactions might be ascertained, or, in the alternative, destroyed such accounts and records; (2) that the referee applied an erroneous standard of law on the burden of proof applicable on the supplemental objections; (3) that the referee failed to make a finding on appellant's objection number V to the discharge of appellee Bailey.

### FIRST ISSUE

Appellant argues that the "clearly erroneous" rule does not apply to the referee's adverse findings on the books, records and specifications for the reason that they amount to nothing more than mere conclusions and that the findings are not supported by the record.

With reference to Blum, the referee found that he had received $2,200.00 of the proceeds from the sale of the residence, retained the cash upon his person and used it to pay living expenses and debts incurred by him in his personal affairs for which he was personally obligated. The referee further found that while Blum did not keep formal books and records of his *personal financial transactions,* he did satisfactorily explain the disposition of the $2,200.00 which he had received. Blum testified before the referee as to the disposition of the money. The record demonstrates that he had many small debts and that he was doing his best to pay these debts while under severe financial strain. Some of the money was used for his living expenses. In these circumstances, Blum was not required to keep formal books on his personal expenses and we agree with the referee that Blum satisfactorily explained the disbursement of the funds.

Bailey's disbursal of the money received by him from the sale of his residence follows the same pattern as that of Blum. He, too, was heavily in debt on personal obligations and the record clearly supports the referee's finding that the disposition of the funds was satisfactorily explained. Under the circumstances he was not required to keep formal books. There is no claim that the bankrupts did not keep proper books in connection with their business affairs. We hold that the referee's findings were factual, rather than conclusory.

Relying upon In re Pioch, 235 F.2d 903 (3d Cir. 1956); In re Kaufhold, 256 F.2d 181 (3d Cir. 1958), and similar cases, appellant suggests, in effect, that we should try the issues of fact *de novo.* Although a casual reading of those cases would seem to support appellant's views, their authority on the subject was significantly narrowed by the later case of In re Arbycraft Co., 288 F.2d 553, 556–557 (3d Cir. 1961). In any event, the "clearly erroneous" rule has long been the standard in the Ninth Circuit. Costello v. Fazio, 256 F.2d 903 (9th Cir. 1958). The rule that the findings of the referee must be accepted by the reviewing court is particularly applicable where, as here, the credibility of the witnesses is a factor. Hoppe v. Rittenhouse, 279 F.2d 3, 9 (9th Cir. 1960); Miguel v. Walsh, 447 F.2d 724, 726 (9th Cir. 1971). Here, the referee had the opportunity to see, hear and otherwise observe the appellees and other witnesses. It is only where the court can say that there is a gross abuse of the sound discretion lodged in the referee, that an appellate court will interfere. Burchett v. Myers, 202 F.2d 920 (9th Cir. 1953). His findings that appellees were not, under the circumstances, required to keep books and records are not clearly erroneous.

### SECOND ISSUE

Next, appellant contends that the referee applied an erroneous standard as the burden of proof in finding that appellees did not violate 18 U.S.C. § 152(5). It argues that the referee required it to sustain the supplemental specification with reference to the alleged "buy-off" by a burden of proof "beyond a reasonable doubt", rather than by a preponderance of the evidence. Appellant grounds its argument on a remark of the referee to the effect that

the intent of appellees had "not been established with such clarity as to enable this court to deny the discharge." We find nothing in this language to indicate that the referee was applying other than the standard burden of proof in a civil case. Relying upon Keeble v. Sulmeyer, 290 F.2d 127 (9th Cir. 1961), appellant says that the burden of proof showing lack of intent had shifted to the bankrupts. Even assuming that the *Keeble* rule is applicable to this record, an issue which we need not decide, the findings demonstrate that the referee imposed that burden on appellees and found that they had sustained it.[1] The voluminous record demonstrates beyond question that the referee conducted all of the hearings in a refined, judicial atmosphere. His findings are sufficiently detailed to inform us beyond question that he considered the issue of intent on the charge that appellees attempted to "buy off" the appellant. The fact that the referee was conscientious enough to order a new hearing, receive additional evidence and after again measuring the credibility of all of the witnesses, granted the discharges convinces us of the correctness of his decision. His action in previously denying the discharge and on the supplemental hearing in reversing himself and discharging the appellees is of significance only in demonstrating that he was performing his judicial function in a highly commendable manner. Certainly, we cannot say that his findings on this issue are clearly erroneous, thus relieving us of the prohibition in Rule 52(a), F.R.Civ.P. Needless to repeat, the rule is applicable to the findings of the referee. Cascade Car Wash, Inc. v. Laurent Watch Co., 437 F.2d 122 (9th Cir. 1971), cert. denied 402 U.S. 1009, 91 S.Ct. 2191, 29 L. Ed.2d 431 (1971); Engelbrecht v. Bowen, 300 F.2d 891 (9th Cir. 1962); Hudson v. Wylie, 242 F.2d 435 (9th Cir. 1957), cert. denied 355 U.S. 828, 78 S.Ct. 39, 2 L.Ed.2d 41 (1957).

### THIRD ISSUE

Finally, appellant calls attention to the fact that it originally specified five objections to the discharge of appellee Bailey and that the referee failed to make a finding on specification V. There was no such specification as to appellee Blum. After the reopening, the referee addressed himself only to the supplemental objections and, appellant argues, the supplemental findings did not cure the earlier failure to specifically rule on specification V, the charge that Bailey hindered, delayed and defrauded his creditors in his disposition of the proceeds of the sale of his beach house.

True enough, the referee did not rule specifically on that issue. However, he did find that Bailey used the proceeds from the sale of the home to pay living expenses and debts incurred by him in his personal affairs and for which he was personally obligated. The referee further found that although the bankrupt did not keep formal books and records of his personal financial transactions, he did satisfactorily explain the disposition of the proceeds which he received from the sale of the beach house. The failure of the referee to make a specific finding on number V was no doubt influenced by the fact that there was no such specification in the Blum objections. In any event, we hold that the original and supplemental findings, when read in the light of the order of discharge,[2] by necessary implication overrule appellant's objection number V. Since it is obvious that the referee intended to overrule Bailey's number V, we reject his suggestion that we follow

---

1. "The bankrupt ALLEN BLUM [Sam Bailey] did sustain his burden of proof that he did not commit such act as contemplated by Section 152, paragraph Fifth, of Title 18 of the United States Code, and specifically did establish that the acts were committed on the advice of counsel."

2. ". . ., and the court having found that the Specifications of Objections are untrue, . . . ."

the procedure outlined in Lemm v. Northern California Nat'l. Bank, 93 F.2d 709 (9th Cir. 1937), and remand that issue to the referee for a finding.

Additionally, appellant did not call the oversight to the attention of the referee. The record demonstrates that time after time, the appellant had an opportunity to call the inadvertent mistake to the referee's attention. The issue was first raised on the petition for review of the order of discharge. In these circumstances, the appellant is faced with the rule that the scope of review is limited to the record and to that which is properly presented below. Fortner and Perrin, Inc. v. Smith, 327 F.2d 801 (9th Cir. 1964); United States v. Harris, 100 F.2d 268 (9th Cir. 1938), reh. denied 103 F.2d 1020 (9th Cir. 1939). Beyond that, the failure of the referee to make a specific finding on objection V, on the record here presented, is harmless under Rule 61, F.R.Civ.P. We hold that the alleged defect in the proceeding is not inconsistent with substantial justice and does not affect the substantial rights of the appellant.

Finding no error, we affirm.